**In re Larry GIBBONS and Colleen D. Character–Gibbons, Debtors.**

No. 01–14669.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

July 16, 2002.

Alexander Jurczenko, Cleveland, OH, for debtors.

Robert Barr, Cleveland, OH, for trustee.

***MEMORANDUM OF OPINION***

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

Larry Gibbons and Colleen Character–Gibbons (the "Debtors") filed a Chapter 7

bankruptcy petition on May 15, 2001. (Docket 1). After the Chapter 7 Trustee conducted the meeting of creditors called for by Bankruptcy Code § 341, the Trustee filed an adversary proceeding asking that the Debtors be denied a discharge based on 11 U.S.C. §§ 727(a)(2), (3) and (4). (Docket 1; Adv. No. 01–1287). The Trustee alleges in that complaint that the Debtors failed to list their assets completely and that they concealed other information critical to the administration of the estate. Shortly before trial, the Debtors changed counsel and filed a motion to convert the case to a Chapter 13 proceeding. (Docket 36). The Trustee opposes the motion. (Docket 38).[1]

### JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (J).

### ISSUE

■ When Chapter 7 debtors have not previously converted their case from one chapter to another, do the debtors have an absolute right to convert to Chapter 13 despite allegations by the Chapter 7 Trustee that their request is made in bad faith?

### POSITIONS OF THE PARTIES

The Debtors argue that Bankruptcy Code § 706(a) gives them the unassailable right to convert to Chapter 13 because they are eligible to be debtors under that chapter and they have not previously converted their case. The Trustee argues that the right to convert is not absolute in cases such as this where the Debtors have allegedly lied about their assets, concealed material information from the Trustee, and moved to convert to nullify the Trustee's objection to discharge. In these circumstances, the Trustee's position is that a court has discretion to deny a motion to convert. The Trustee states that the creditors will be paid in whole or in significant part under either chapter, but he does not believe that the Debtors should receive a discharge.

### DISCUSSION

Bankruptcy Code § 706(a) provides in relevant part that:

> The debtor may convert a case under [Chapter 7] to a case under chapter ... 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title ....

11 U.S.C. § 706(a). A debtor must, however, be eligible to be a debtor under Chapter 13 in order to convert. 11 U.S.C. § 706(d). See 11 U.S.C. § 109(e) (to be eligible for Chapter 13, a debtor must be an individual with regular income and debts below the stated amounts). A debtor initiates the conversion request by filing a motion and requesting a conversion order. FED. R. BANKR. P. 1017(f)(2).

There are two lines of cases interpreting § 706(a). The majority view, espoused by the Debtors, holds that the section should be read literally to allow each eligible debtor one absolute right to convert upon request so long as the case has not been converted before. See, for example, Mason v. Young (In re Young), 237 F.3d 1168, 1173–4 (10th Cir.2001) (permitting a debtor to convert his case after he had obtained a Chapter 7 discharge); In re Widdicombe, 269 B.R. 803, 806–7 (Bankr. W.D.Ark.2001) (collecting cases). This absolute right has been recognized even in

---

1. The Trustee filed an extensive brief in support of his position. Although the Debtors requested and were granted leave to brief the issue, they did not do so.

situations where a debtor has acted in bad faith. *See for example, In re Porras,* 188 B.R. 375, 379 (Bankr.W.D.Tex.1995) (noting that a debtor's use of conversion as a tactic to frustrate the trustee's attempts to investigate his affairs, assets, and improper conduct did not preclude his automatic right to convert). The alternative view, which the Trustee urges the Court to adopt, holds that a court may deny the debtor's request under certain factual circumstances, including where a debtor acts in bad faith.[2] *See, for example, In re Starkey,* 179 B.R. 687, 694 (Bankr. N.D.Okla.1995) (noting that the right to convert is not absolute and that the "Court will grant conversion under § 706(a) readily-but not so readily as to allow and condone abuse."); *In re Johnson,* 262 B.R. 75, 78 (Bankr.E.D.Ark.2001) (collecting cases). *See also Finney v. Smith (In re Finney),* 992 F.2d 43, 45 (4th Cir.1993) (leaving open the possibility under 11 U.S.C. § 105 that a court may deny a § 706(a) motion in egregious circumstances). The Sixth Circuit has not addressed this issue.

■ "The task of resolving the dispute over the meaning of [the Bankruptcy Code] begins where all such inquiries must begin: with the language of the statute itself ... [Where] ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms' ". *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (internal citations omitted). "Only in those rare instances in which 'the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters ... or when the statutory language is ambiguous' will [courts] look beyond the statute's plain wording to divine the intent of its drafters." *Palmer v. IRS (In re Palmer),* 219 F.3d 580, 584 (6th Cir.2000) (quoting *Koenig Sporting Goods, Inc. v. Morse Road Co. (In re Koenig Sporting Goods, Inc.),* 203 F.3d 986, 988 (6th Cir. 2000)).

■ The terms of § 706(a) are not ambiguous and the plain meaning of the section is that a debtor has the automatic right to convert to Chapter 13 so long as the case has not previously been converted to a Chapter 7 and the debtor is eligible for relief under Chapter 13. A leading commentator shares this view. 4 COLLIERS ON BANKRUPTCY ¶ 706.01 at 706–3 (15th ed.) ("The court has no discretion to block a conversion if the case has not previously been converted and the debtor is eligible for the chapter chosen."). The request must be made by motion rather than by a notice of conversion so that the court can assess whether the debtor is, in fact, eligible for Chapter 13. In this case, the Debtors have not previously converted their case and the Trustee has not raised an eligibility issue. Under the plain reading of the statute, therefore, these Debtors have the right to convert.

The Court turns next to the legislative history to see if this interpretation will produce results demonstrably at odds with Congress's intent. The legislative history is short but relevant to this issue, stating:

> Subsection (a) of this section gives the debtor the one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already once been converted from Chapter 11 or 13 to Chapter 7, then the debtor does not have that right. The policy of the provi-

---

**2.** The Trustee argues interchangeably that the evidence would show that the Debtors either acted in bad faith or did not act in good faith. Neither term is defined in the Bankruptcy Code and any difference between them is not material to the issue here. In any event, the factual allegations made by the Trustee are substantial.

sion is that the debtor should always be given the opportunity to repay his debts, and a waiver of the right to convert is unenforceable.

S.Rep. No. 95–989 at 94 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5880. *See also* H.R.Rep. No. 95–595 at 380 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6336 (1977). This brief history is consistent with the plain language interpretation of § 706(a).

Since the wording of § 706(a) is unambiguous, the plain meaning is easily ascertained from its language, and the legislative history is consistent with a straightforward reading of the section, the Court will apply it as written in this case. Therefore, the Court must allow the Debtors to convert their Chapter 7 case to a proceeding under Chapter 13.

In reaching this result, the Court notes that the Trustee has raised legitimate concerns about the alleged manner in which the Debtors have proceeded in their Chapter 7. The conversion to a Chapter 13 does not, however, mean that the Debtors are not accountable for their actions. The Debtors will have to propose a repayment plan in their Chapter 13. That plan will be evaluated by the Chapter 13 Trustee and the creditors for a variety of factors, including the Debtors' good faith or lack thereof. The Court will then consider any objections raised by parties in interest when the Debtors ask that their plan be confirmed. 11 U.S.C. § 1324. A plan that is not proposed in good faith cannot be confirmed. 11 U.S.C. § 1325(a)(3). If confirmation is denied, parties in interest may move to re-convert the case to Chapter 7. 11 U.S.C. § 1307(c)(5). Parties may also move to re-convert for other cause. 11 U.S.C. § 1307(c). Thus, the Trustee's concerns are addressed in the statutory scheme, albeit not in as direct a fashion as he might prefer.

There is an additional safeguard to the integrity of the process. And that is that the Debtors will not have the unilateral right to dismiss their Chapter 13 and escape their obligations. *See* 11 U.S.C. § 1307(b). Instead, the Debtors must move to dismiss, at which point interested parties have the opportunity to argue that the case should be re-converted to Chapter 7 under § 1307(c) rather than dismissed. FED. R. BANKR. P. 1017(f)(2). Contrary to the Trustee's suggestion, therefore, reading § 706(a) in this manner will not permit a dishonest debtor to improperly manipulate the bankruptcy system. At the same time, this reading serves the underlying policy of the Bankruptcy Code that debtors should be given the opportunity to pay their debts.

### CONCLUSION

For the reasons stated, the Debtors' Motion to convert their Chapter 7 case to a Chapter 13 case is granted. A separate Judgment will be entered reflecting this decision.

### JUDGMENT

For the reasons stated in the Memorandum of Opinion filed this same date, the Debtors' motion to convert their case to a Chapter 13 proceeding is granted and the Trustee's opposition is denied.

IT IS SO ORDERED.