In the Matter of John W. CZYKOSKI,
Dana Leann Czykoski, Debtors.

No. 04–12292.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 3, 2005.

Duane Donahue, LaGrange, IN, for Debtors.

Yvette Gaff Kleven, Fort Wayne, IN, Chapter 7 Trustee.

Ellen Triebold, South Bend, IN, U.S. Trustee.

*DECISION*

ROBERT E. GRANT, Bankruptcy Judge.

Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on May 17, 2004. At the same time, they also filed an application to pay the required filing fee in installments, which was granted. When they failed to make the first installment payment, the court issued an order to show cause, requiring them, upon pain of dismissal, to either make the delinquent payment or show cause why they should not be required to do so by July 6, 2004. The United States Trustee filed a response to this order informing the court that it had filed a complaint objecting to the debtors' discharge. Paying filing fees when due was not the only difficulty debtors encountered in this case. Neither they nor their counsel appeared for the meeting of creditors which had been scheduled for June 22, 2004. This prompted the Chapter 7 trustee to file a motion to dismiss which, by a notice issued on July 6, the court scheduled for a hearing on August 2, 2004. A separate notice scheduled the issues raised by the court's order to show cause and the U.S. Trustee's response thereto for a hearing at the same date and time.

On July 7, 2002, the debtors filed a motion to convert their case from Chapter 7 to Chapter 13. They also tendered the delinquent filing fee installment which, pursuant to the court's order to show cause, was due the previous day. On July 20, 2004 the court granted the debtors' motion and issued an order converting this case to Chapter 13.[1] It did not, however,

---

1. There is a split of authority over whether the opportunity the debtor is given by § 706(a) to convert from Chapter 7 to Chapter 13 is absolute or conditional. *Compare,* *Matter of Martin,* 880 F.2d 857 (5th Cir.1989); *Pequeno v. Schmidt,* 307 B.R. 568, 580 (S.D.Tex.2004); *In re Gibbons,* 280 B.R. 833 (Bankr.N.D.Ohio 2002); *In re Bowman,* 181

do anything to remove the hearing scheduled on the Chapter 7 Trustee's motion to dismiss or the U.S. Trustee's response to the order to show cause and those hearings remained on the court's calendar. Neither the debtors nor their counsel appeared for the August 2 hearings; at them the court granted the motion to dismiss and ruled that the debtors would not be eligible for further relief under any Chapter of Title 11 for 180 days. The order doing so was entered on August 5, 2004.

This matter is before the court on the debtors' motion to vacate the order of August 5, 2004. The motion has been filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Debtors contend that the conversion of their case from Chapter 7 to Chapter 13 mooted the issues raised by the Chapter 7 trustee's motion to dismiss and neither that trustee nor the U.S. Trustee had standing to proceed at the August 2 hearing on the motion, which they say the court should have stricken when it converted the case.[2] Thus, they argue that the order granting the trustee's motion is void, is the result of mistake, surprise or excusable neglect, and should be set aside pursuant to Rule 60(b)(1), (4) and (6).

■ If, as the debtors contend, the court's order dismissing this case is void, it

has no discretion and the order must be vacated. *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 850 (7th Cir.1981). An order is void for the purposes of Rule 60(b)(4) only if the court lacks personal or subject matter jurisdiction, acts in a manner inconsistent with due process of law, or if the order was not within the powers granted to the court. *In re Crivello,* 134 F.3d 831, 838 (7th Cir.1998); *Matter of Whitney–Forbes, Inc.,* 770 F.2d 692, 696–97 (7th Cir.1985). Under this standard, the order of August 5 is not void. The court had jurisdiction over the debtors and their bankruptcy case. 28 U.S.C. §§ 1334, 157(a),(b); N.D. Ind. L.R. 200.1(a). The order was entered after a hearing, held on at least twenty days notice to the debtors, their counsel, all creditors and parties in interest, thus satisfying the requirements of due process and the rules of procedure. *See, Grun v. Pneumo Abex Corp.,* 163 F.3d 411, 423 (7th Cir.1998) (due process requires notice and an opportunity to be heard); Fed. R. Bankr.P. Rule 2002(a). Finally, the court clearly had the authority to dismiss the case. 11 U.S.C. §§ 707(a), 1307(c). Rule 60(b)(4) does not require the court to vacate the order of August 5.

■ The other elements of the debtors' request—that the order should be vacated pursuant to Rule 60(b)(1), as the product of mistake, surprise or excusable neglect, or Rule 60(b)(6), for other rea-

B.R. 836, 842 (Bankr.D.Md.1995); *Matter of Jennings,* 31 B.R. 378, 380 (Bankr.S.D.Ohio 1983) (opportunity to convert is absolute) *with, In re Carrow,* 315 B.R. 8 (Bankr. S.D.N.Y.2004); *In re Wampler,* 302 B.R. 601 (Bankr.S.D.Ind.2003); *In re Brown,* 293 B.R. 865 (Bankr.W.D.Mich.2003); *In re Ponzini,* 277 B.R. 399 (Bankr.E.D.Ark.2002); *In re Thornton,* 203 B.R. 648 (Bankr.S.D.Ohio 1996) (opportunity to convert is not absolute). This court agrees with the decisions that conclude the opportunity is absolute. The delay between the filing of the motion and the order

granting it is attributable to the debtors' failure to file a certificate of service indicating that the motion had been served on anyone until July 16, 2004, after the court issued an order threatening to strike the motion because of the failure to do so.

**2.** Debtors also contend that the Chapter 7 trustee and the U.S. Trustee lack standing to oppose the motion to vacate and have asked to court to strike the briefs they filed in opposition to the motion.

sons—are matters addressed to the court's discretion. *Helm v. Resolution Trust Corp.,* 84 F.3d 874, 877 (7th Cir.1996). Relief under these provisions is an extraordinary remedy, which is available only in exceptional circumstances, and the burden to prove those circumstances is on the party seeking relief. *Helm,* 84 F.3d at 877; *Nelson v. City Colleges of Chicago,* 962 F.2d 754, 755–56 (7th Cir.1992). *See also, Provident Sav. Bank v. Popovich,* 71 F.3d 696, 698–99 (7th Cir.1995).

█ It is difficult to understand how the conscious failure to attend a hearing, of which one was fully aware, could constitute mistake, surprise, excusable neglect, or some other reason justifying relief from the order that resulted. While debtors' counsel may have been of the opinion that the conversion of the case from Chapter 7 to Chapter 13 mooted the issues raised by the trustee's motion to dismiss, and thought the motion should have been withdrawn or stricken when the court converted the case, counsel apparently did nothing to determine whether the court had a similar opinion. Had counsel done so, he would have quickly learned that the court never issued any order disposing of the motion or canceling the hearing which had previously been scheduled. A simple review of the docket would have shown that the motion had not been stricken or withdrawn and that the hearing to consider it had not been removed from the court's calendar. A review of the court's calendar for August 2 would have shown that the matter was still scheduled to be called.[3] Under these circumstances, counsel could not just assume that the issue had gone away, choose not to attend the scheduled hearing, and, upon learning that the assumption was in error, obtain relief under

Rule 60(b). *See, Helm,* 84 F.3d at 877; *Nelson,* 962 F.2d at 755–56; *Provident Sav. Bank,* 71 F.3d at 698–99.

The court does not share counsel's views concerning the effect of conversion upon the Chapter 7 trustee's pending motion to dismiss. The court was aware of the conversion, yet it did nothing to put a halt to what had previously been set in motion, called the case as scheduled, and proceeded to determine the matter on its merits—albeit in counsel's absence. Conversion to Chapter 13 did not moot the issues raised by the Chapter 7 trustee's motion to dismiss and both the U.S. Trustee and the Chapter 7 trustee had the standing necessary to prosecute that motion.

█ The debtors offer no support for their argument that the act of conversion, by itself, automatically mooted the issues raised by the Chapter 7 trustee's motion to dismiss. The argument seems to be based upon the perception that the act of conversion was somehow the equivalent of starting over, thereby rendering everything that had taken place prior to that time irrelevant. This simply is not so. Conversion from one chapter to another does not end the case and begin a new one. After conversion, it continues to be the same bankruptcy case, and the date of the petition, the commencement of the case, and the original order for relief all remain the same. 11 U.S.C § 348(a); *Cf., Cable v. Ivy Tech State College,* 200 F.3d 467, 475 (7th Cir.1999)(the Bankruptcy Code favors a seamless transition from one chapter to another). Conversion simply changes the type of relief the debtor will receive and the means by which distribution will be made to creditors. More importantly, conversion did not erase the significance of

---

**3.** In addition to being available at the clerk's office, the docket for cases can be accessed remotely through the court's ECF system or through Pacer, and the court's calendar is available on its website.

the debtors' prior conduct. Their actions prior to conversion remained relevant to the continued progress of their case. *In re Finney,* 992 F.2d 43, 45 (4th Cir.1993); *In re Young,* 237 F.3d 1168, 1173–74 (10th Cir.2001); *In re Spencer,* 137 B.R. 506, 514 (Bankr.N.D.Okla.1992). Consequently, the issues raised by the Chapter 7 trustee's motion to dismiss because of the debtors' failure to appear for the meeting of creditors did not become moot when the debtors converted to Chapter 13, and the court could continue to consider whether that failure constituted sufficient cause to dismiss the now converted case. The fact that the case had since been converted to Chapter 13 became just another factor for the court to evaluate in considering how best to exercise its discretion in ruling on the motion.

Debtors' second challenge to the court's order focuses not on the motion to dismiss but upon who had a right to prosecute that motion. They argue that neither the U.S. Trustee nor the Chapter 7 trustee had any standing to prosecute the motion at the hearing of August 2. As for the U.S. Trustee, the argument quickly goes nowhere. "The United States trustee may raise and may appear and be heard on any issue in any case ...." 11 U.S.C. § 307. "It is difficult to conceive of a statute that more clearly signifies the Congress's intent to confer standing." *In re Columbia Gas Systems, Inc.,* 33 F.3d 294, 296 (3rd Cir.1994).

■ One of the effects of conversion is to "terminate[ ] the services of any trustee that is serving in the case before such conversion." 11 U.S.C. § 348(e). This forms the basis for the debtors' argument that the Chapter 7 trustee had no authority to proceed at the hearing on the motion to dismiss. Admittedly, conversion ended the trustee's authority to act as a fiduciary, but it did not necessarily end the trustee's

involvement in the case. *In re Barnes,* 275 B.R. 889, 892 (Bankr.E.D.Cal.2002). *Cf., In re Parrish,* 275 B.R. 424, 430 (Bankr.D.C.2002)(§ 348(e) should be read in light of its purpose which is to prevent two trustees from administering the same estate). Following conversion, former Chapter 7 trustees and their attorneys may be claimants in the Chapter 13 case, *In re Wells,* 87 B.R. 732, 736 (Bankr. N.D.Ga.1988), and, as such, assert the rights of creditors in their individual capacities. *In re Roberts,* 80 B.R. 565, 567 (Bankr.N.D.Ga.1987). In other words, after conversion "the trustee became just another creditor with standing to recover fees from the estate, but without authority to act on behalf of the estate ...." *Cable,* 200 F.3d at 474. As a result, although former Chapter 7 trustees can longer exercise the powers which are given to trustees by Bankruptcy Code, they may exercise the rights which are given to any other creditor of the estate. *Barnes,* 275 B.R. at 892–93 (Bankr.E.D.Cal.2002). That would include the right to seek dismissal of the case. Consequently, the court cannot, as a matter of law, conclude that the Chapter 7 trustee lacked standing to proceed at the hearing on the motion to dismiss she had filed prior to the conversion of the case.

■ If there was any question concerning the former Chapter 7 trustee's ability to proceed at the hearing on the motion to dismiss, the debtors needed to raise that issue prior to the court's ruling. Every action, including contested matters in bankruptcy proceedings, must "be prosecuted in the name of the real party in interest." Fed R. Civ. P. Rule 17(a); Fed R. Bankr.P. Rule 9014, 7017. "In other words, the action must be brought by the person entitled under governing substantive law to enforce the asserted right." *Whelan v. Abell,* 953 F.2d 663, 672 (D.C.Cir.1992). If it is not, the action may

be dismissed, but not until the real party in interest has had a reasonable opportunity to join the action, after an objection has been made to its being prosecuted by the party that originally brought it.[4] Fed R. Civ. P. Rule 17(a). Rule 17(a)'s reference to an objection indicates that the challenge "is in the nature of an affirmative defense . . . ." 6A Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1554 (2nd ed.1990). *See also, Whelan,* 953 F.2d at 672. As such, it is an issue that "is waived when it is not timely asserted." *In re Unger & Assoc. Inc.,* 292 B.R. 545, 552 (Bankr.E.D.Tex.2003). *See also, Whelan,* 953 F.2d at 672 (the defense may not be raised at any time). Here, the debtors did nothing to challenge the Chapter 7 trustee's right to prosecute the motion to dismiss until after the motion had been granted. They cannot raise the issue for the first time in a motion for relief filed pursuant to Rule 60(b). *Accord, Warner v. Young America Volunteer Fire Dept.,* 164 Ind.App. 140, 326 N.E.2d 831, 836 (1975).

The debtors' motion to vacate the court's order of August 5, 2004 dismissing the case will be DENIED. An appropriate order will be entered.

---

4. The need for the real party in interest to have the opportunity to join the action answers debtors' contention that the motion to dismiss should have automatically been stricken or withdrawn upon conversion. At most, Bankruptcy Rule 2012 might have operated to substitute the Chapter 13 trustee for the Chapter 7 trustee as the movant. Substitution is not a certainty because seeking dismissal of a case is not something that can be prosecuted exclusively by the estate and former Chapter 7 trustees still have the opportunity to participate in the converted case. Even if substitution did occur, that would not have prevented the former Chapter 7 trustee from participating in the hearing on the motion to dismiss in the same way that all creditors and parties in interest are invited to do so. In any event, any failure to recognize the substitution of the Chapter 13 trustee would not matter where the motion to dismiss was prosecuted by a party that otherwise had the right to do so. *Cable,* 200 F.3d at 475–76.