**In re THE CONSOLIDATED FGH LIQUIDATING TRUST a/k/a Friede Goldman Halter, Inc. et al., Jointly Administered Debtors.**

**Oakridge Consulting, Inc. and Ocean Ridge Capital Advisors, L.L.C. as Liquidating Trustee for the Consolidated FGH Liquidating Trust, Plaintiffs,**

v.

**United States of America, Department of Revenue, Internal Revenue Service, Defendants.**

**Bankruptcy No. 01–52173 SEG. Adversary No. 04–05049 SEG.**

United States Bankruptcy Court, S.D. Mississippi, Southern Division.

April 11, 2005.

David A. Wheeler, Wheeler & Wheeler, PLLC, Biloxi, MS, Douglas S. Draper, Leslie A. Collins, Joy Lyu Monahan, Greta M. Brouphy, Heller, Draper, Hayden, Patrick & Horn, L.L.C., New Orleans, LA, for the Consolidated FGH Liquidating Trust.

Dunn O. Lampton, United States Attorney, Crockett Lindsey, Assistant U.S. Attorney, Michael N. Wilcove, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for the United States.

## OPINION

EDWARD R. GAINES, Bankruptcy Judge.

The matter before the court is the motion of the defendants, the United States of America, Department of Revenue, Internal Revenue Service, ("United States"), for partial dismissal or, alternatively, for partial summary judgment in the above styled adversary proceeding. The defendants submit that the court lacks subject matter jurisdiction over the portion of the adversary proceeding in which the plaintiffs seek a refund of taxes allegedly overpaid. Having considered the matter, the court concludes that the defendants' motion for partial dismissal should be granted.

## I. FACTUAL BACKGROUND

1. Trinity Industries, Inc. ("Trinity") filed consolidated federal income tax returns for tax years ending March 31, 1994, through March 31, 1996, for itself and affiliated corporations, including Halter Marine, Inc. ("Halter"). Trinity subsequently filed amended returns claiming entitlement to research and development credits and the IRS disallowed the credits. Trinity and Halter are no longer affiliated entities.

2. Halter Marine, Inc. became a subsidiary of Friede Goldman Halter, Inc. ("Friede"). Friede and certain affiliates, including Halter, commenced Chapter 11 proceedings in 2001. A joint plan of reorganization was confirmed on December 30, 2003.

3. In April of 2004, Oakridge Consulting, Inc. and Ocean Ridge Capital Advisors, L.L.C., as Liquidating Trustee for the Consolidated FGH Liquidating Trust, filed the above styled adversary proceeding against the United States of America, Department of Revenue, and Internal Revenue Service to determine tax liability and/or right to a refund.

4. The defendants filed a motion for partial dismissal or alternatively for partial summary judgment pursuant to Fed. R. Bank. P. 7012(b)(1) and 7012(b)(6), requesting dismissal of the portion of the adversary proceeding in which the plaintiffs seek a refund of taxes allegedly overpaid. The defendants submit that the court lacks subject matter jurisdiction over that claim. Briefs were submitted by the parties.

## II. CONCLUSIONS OF LAW

The United States claims this court lacks jurisdiction because Trinity filed the consolidated tax returns for the years in question, and that only Trinity is entitled

to seek refunds related to the Income tax liabilities shown on those returns. The United States asserts that as a matter of law the plaintiffs may not pursue such a refund. The defendants cite Treasury Regulation § 1.1502–77(a) asserting that the parent corporation filing the consolidated return is the sole agent for each subsidiary in the group authorized to act in all matters relating to the tax liability for the consolidated return year. The United States urges there is no question that Trinity is the common parent and remains the sole agent for the subsidiaries who joined in the filing of the consolidated return. The Liquidating Trustee, on the other hand, argues that this court has jurisdiction over the refund claims asserting that they are property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

■ Section 1501 of the Internal Revenue Code allows for the filing of a consolidated tax return as follows:

§ 1501. Privilege to file consolidated returns.

An affiliated group of corporations shall, subject to the provisions of this chapter, have the privilege of making a consolidated return with respect to the income tax imposed by chapter 1 for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under section 1502 prior to the last day prescribed by law for the filing of such return...

26 U.S.C. § 1501. Section 1502, in turn, provides statutory authority for the Secretary of the Treasury to prescribe regulations regarding § 1501:

§ 1502. Regulations.

The Secretary shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group ... may be returned, determined, computed, assessed, collected, and adjusted ....

26 U.S.C. § 1502. Regulations Issued pursuant to statutory authority ordinarily have the force of law. *See, U.S. v. Levy,* 533 F.2d 969 (5th Cir.1976)(regulations prescribed by Secretary of Treasury have the force of law although Secretary does not have the power to make law); *Brafman v. U.S.,* 384 F.2d 863 (5th Cir.1967)(it is a generally recognized rule that regulations issued by the Secretary of Treasury pursuant to statutory authority when necessary to make the statute effective, although not a statute, may have the force of law); *Wolter Construction Co., Inc. v. Commissioner of Internal Revenue,* 634 F.2d 1029 (6th Cir.1980)(pursuant to § 1502, the Secretary has issued extensive legislative regulations and the bulk of the law dealing with consolidated returns is contained in those regulatory provisions); *Dillon Ranch Supply v. U.S.,* 652 F.2d 873 (9th Cir.1981)(regulations issued pursuant to specific statutory authorization are legislative regulations and have the force of law if they are consistent with statutory authorization, are adopted pursuant to proper procedure and are reasonable); *Idaho First National Bank v. Commissioner of Internal Revenue,* 997 F.2d 1285 (9th Cir.1993)(Congress has expressly delegated legislative authority for promulgation of consolidated tax return regulations to the Secretary of the Treasury); *Willett's Estate v. Commissioner of Internal Revenue,* 365 F.2d 760 (5th Cir. 1966)(while Treasury Regulations interpreting and implementing the Internal Revenue Code ordinarily will have force of

law, courts will not enforce regulations which are unreasonable and plainly inconsistent with the Revenue Statutes).

The Treasury Regulation cited by the United States that was in effect for the subject tax years provided, in part, the following:

§ 1.1502–77. Common parent agent for subsidiaries.

(a) Scope of agency of common parent corporation. The common parent, for all purposes (other than ...) shall be the sole agent for each subsidiary in the group, duly authorized to act in its own name in all matters relating to the tax liability for the consolidated return year. Except as provided in the preceding sentence, no subsidiary shall have authority to act for or to represent itself in any such matter ... The common parent will file claims for refund or credit, and any refund will be made directly to and in the name of the common parent and will discharge any liability of the Government in respect thereof to any such subsidiary ... Notwithstanding the provisions of this paragraph, the district director may, upon notifying the common parent, deal directly with any member of the group in respect of its liability, in which event such member shall have full authority to act for itself.

Treas. Reg. 1.1502–77(a).[1]

 The primary argument of the United States is that the plaintiffs are not appropriate parties to seek a potential tax refund or credit. The defendants request dismissal pursuant to Fed.R.Civ.P. 12(b)(1) or 12(b)(6). In the case of *Whelan v. Abell,* 953 F.2d 663 (D.C.Cir.1992), *cert.*

*denied,* 506 U.S. 906, 113 S.Ct. 300, 121 L.Ed.2d 223 (1992), the court recognized that the issue of whether a party is the appropriate party is one that may be raised by more than one procedural vehicle:

Rule 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a). In other words, the action must be brought by the person entitled under the governing substantive law to enforce the asserted right ... A real-party-in-interest defense can be raised as a Rule 12(b)(6) motion, stating, in effect, that because the plaintiff is not the person who should be bringing the suit, the plaintiff has "fail[ed] to state a claim upon which relief can be granted." ...

*Id.* at 672. *See also, Holland v. U.S.,* 62 Fed.Cl. 395 (Fed.Cl.2004); *In re Czykoski,* 320 B.R. 385 (Bankr.N.D.Ind.2005) (every action, including bankruptcy proceedings, must be prosecuted in the name of the real party in interest); *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.,* 630 F.2d 250 (5th Cir.1980) (we must look to the governing substantive law to determine whether plaintiffs are Indeed the real parties in interest who have the right sought to be enforced as required by Rule 17(a)); *U.S. v. 936.71 Acres of Land,* 418 F.2d 551 (5th Cir.1969) (a party has standing to prosecute a suit in federal courts only if he is the "real party in interest" as that term is defined under Fed.R.Civ.P. 17(a), and who by substantive law possesses the right sought to be enforced and is not necessarily the person who will ultimately benefit from the recovery).[2]

---

1. Nothing has been provided to the court to indicate any action by the director in accordance with the last section of this provision that would trigger authorization for a member to act for itself.

2. Although the defendants request dismissal pursuant to Bank.R.Fed.P. 12(b), which makes applicable Fed.R.Civ.P. 12(b), the court finds authorities relating to Fed.R.Civ.P. 17 on standing issues to be helpful on the issue of whether the plaintiffs are the proper-

The court favors the position of the United States. The court concludes that under the regulations cited by the United States, the common parent corporation is the appropriate agent authorized to act in matters relating to the tax liability for the consolidated return years. The court is not persuaded that the circumstances of this case provide justification for the court to hear the matter relating to a tax refund or credit of Halter where suit is brought not by the parent corporation but by the affiliate, and where the court would be required to determine tax liability of non-debtors. *In re Prescription Home Health Care, Inc.,* 316 F.3d 542 (5th Cir.2002)(11 U.S.C. § 505(a)(1) grants jurisdiction to determine tax liabilities of the debtor and the estate, not those of third parties); *Prudential Lines Inc.,* 928 F.2d 565 (2d Cir.1991), *cert. denied,* 502 U.S. 821, 112 S.Ct. 82, 116 L.Ed.2d 55 (1991)(11 U.S.C. § 505(a)(1) which gives bankruptcy court power to determine amount or legality of any tax does not confer jurisdiction on bankruptcy court to adjudicate tax liability of non-debtors); *Entertainment Systems, Inc. v. Commissioner of Internal Revenue,* 1995 WL 496033 (U.S.Tax Ct.1995)(tax court granted a motion to dismiss for lack of jurisdiction granted in tax court where members of affiliated group of corporations did not have capacity to invoke jurisdiction and where common parent filing consolidated return is sole agent for group); *Interlake Corporation v. Commis-*

*sioner of Internal Revenue,* 1999 WL 147604 (U.S.Tax Ct.1999) (parent shall act as agent for affiliates for such purposes as . . . filing refund claims and receiving refunds); *Acme Steel Company v. Commissioner of Internal Revenue,* 2003 WL 1960416 (U.S.Tax Ct.2003) (under § 1.1502–77 the common parent shall be the sole agent for each subsidiary in all matters relating to tax liability for the consolidated return year). The court concludes that the motion of the United States for partial dismissal of the portion of this adversary proceeding relating to refund of taxes should be granted.

The court is not making a determination that it does not have jurisdiction over issues relating to whether or not potential tax refunds constitute property of the bankruptcy estate.[3] Were that the only issue presented, the court would conclude that it has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

The court's ruling does not bar action against the parent corporation such as to require the parent to protect Halter's Interests, if such is determined to be necessary. Rather, the determination is limited to finding that the plaintiffs are not proper parties to seek the tax refund or credit where a consolidated tax return was filed by the parent corporation, and further, that the court's jurisdiction over tax liabilities regarding non-debtors is limited.

ties parties here. The court notes also that Fed.R.Civ.P. 17(a) provides that a case should not be dismissed until a reasonable time is allowed for joinder or substitution, etc. The court is, nevertheless, inclined to dismiss at this time, particularly because of the additional jurisdictional issue relating to determination of a non-debtor's tax liabilities.

3. Although the United States requests dismissal because of an improper party claiming there is no subject matter jurisdiction, the court does not necessarily see the issue of

whether the plaintiff is the proper party as being determinative of subject matter jurisdiction. *See, Summers v. Interstate Tractor and Equipment Co.,* 466 F.2d 42 (9th Cir.1972)(the question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court). Additionally, to the extent that the subject matter jurisdiction arguments may be been tied to an argument relating to timeliness of refund claims, the court notes that that issue is not what is now before the court.

The court agrees with authorities cited by the Liquidating Trustee to the effect that it would be unjust for the parent corporation to retain any portion of a refund or credit that may ultimately be recovered that should properly be applied to the estate.[4] This specific issue is not what is currently before the court. *See, Capital Bancshares, Inc. v. Federal Deposit Insurance Corporation*, 957 F.2d 203 (5th Cir. 1992)(to allow Bancshares to keep the refund generated by the Bank would unjustly enrich the parent); *Western Dealer Management, Inc. v. England (In re Bob Richards Chrysler–Plymouth Corporation, Inc.)*, 473 F.2d 262 (9th Cir.1973), *cert. denied*, 412 U.S. 919, 93 S.Ct. 2735, 37 L.Ed.2d 145 (1973)(allowing parent to keep refunds from subsidiary's losses unjustly enriches the parent and the only reason the tax refund is not being paid directly to the subsidiary is because the income tax regulations require that the parent act as the sole agent to handle matters relating to tax return).

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

---

4. The court notes that Liquidating Trustee has cited cases such *Whyte v. GMF Investments, Inc.*, 126 B.R. 717 (Bankr.W.D.Tex.1991) that indicate a bankruptcy court properly exercises jurisdiction to determine competing rights of parties in tax refunds. The court distinguishes those cases, however, in noting that the tax refunds were generally already received, and the issue of who has the right to sue the IRS was not the issue.

The court also recognizes that the trustee indicates that Trinity and Halter Marine Group entered a tax sharing and reimbursement agreement that may control who has the right to any refunds that may be recovered.