Ruby HELM, Plaintiff–Appellant,

v.

**RESOLUTION TRUST CORPORATION,\***
**as Receiver for Great American Savings**
**of Oak Park, Defendant–Appellee.**

No. 95–2488.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 29, 1995.

Decided May 21, 1996.

---

\* Pursuant to 12 U.S.C. § 1441a(m)(1), the RTC terminated on December 31, 1995. It is succeeded by the Federal Deposit Insurance Corporation.

Everett J. Cygal, Nicholas Geanopoulos (argued), Chicago, IL, for Plaintiff-Appellant.

Jeffrey Ehrlich (argued), Resolution Trust Corp., Washington, DC, for Defendant-Ap-

pellee Resolution Trust Corp., as receiver for Great America Savings of Oak Brook.

Arthur F. Radke, Martin B. Carroll, Hefter & Radke, Chicago, IL, for Defendant-Appellee Federal Deposit Insurance Corporation.

Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

The district court dismissed Ruby Helm's suit against the Resolution Trust Corporation for lack of subject matter jurisdiction. Helm filed a motion for relief from judgment under FED.R.CIV.P. 60(b)(1) and (6) on the ground that she had mistakenly cited the wrong statute in her complaint. The district court denied the motion, finding that the error resulted from attorney negligence and not mistake or excusable neglect. Helm appeals that decision, and we affirm.

## I

Ruby Helm owned an apartment building in Chicago. The Resolution Trust Corporation was the receiver of the bank that held the mortgage to her building. In 1990, a fire damaged the building, and Helm's insurance company paid the insurance proceeds to the RTC. Helm hired a contractor to repair the damage, and the RTC made periodic payments from the insurance proceeds to the contractor. Helm was dissatisfied with the contractor's work. She claims that he neither completed the work nor performed it in a workmanlike manner, and thus she believes that the RTC should not have paid the contractor. In January 1992, Helm filed an administrative complaint with the RTC, alleging that the RTC breached its fiduciary duty by paying the contractor for the shoddy work.

On January 20, 1993, the RTC sent Helm a letter, notifying her that it had disallowed her claim. The one-page letter also provided:

> Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 12 U.S.C. Section 1821(d)(6)(A), which governs Receivership matters, if you choose to contest this decision, you have 60 days from the date of this letter to bring action against the Resolution Trust Corporation as Receiver for Great American Federal Savings.

On March 22, Helm filed a complaint against the RTC in federal court. The complaint stated that the action was brought under 12 U.S.C. § 1821(d)(7)(A) and requested that the decision of the RTC be reversed on the ground that it was arbitrary and capricious.

As we explained in an earlier opinion in this case, § 1821(d) provides two grounds for federal jurisdiction over a disallowed claim. *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1165 (7th Cir.1995). First, under § 1821(d)(7)(A), an individual may file suit in federal court requesting review of the RTC's disallowance of a claim, but federal jurisdiction lies only after the individual has requested RTC internal review, the RTC has granted the request, and the RTC has made a final determination on the claim. The court would then review the RTC's determination under the Administrative Procedure Act. Second, under § 1821(d)(6)(A), an individual may file suit against the RTC in federal court, not for review of the RTC's disallowance of her claim, but for relief on the underlying claim. The court would then ignore the RTC's disallowance of the claim and perform a *de novo* examination of the merits of the underlying claim.

The RTC filed a motion to dismiss under FED.R.CIV.P. 12(b)(1) and (6), arguing that the district court did not have jurisdiction to review the RTC's decision denying Helm's claim under § 1821(d)(7)(A) because the RTC had not administratively reviewed the claim. The district court held a hearing on the motion to dismiss at which the court provided Helm's counsel with an opportunity to explain why the court had subject matter jurisdiction over the case. Helm's counsel failed to offer an argument in favor of subject matter jurisdiction. Consequently, the district court granted the RTC's Rule 12(b)(1) motion and dismissed the case.

Twenty-eight days after the dismissal of her case, Helm filed a "Motion to Reconsider and for Leave to File an Amended Com-

plaint." In her motion, Helm admitted to bringing her suit under the wrong section of Title 12. She claimed that she had intended to bring suit under § 1821(d)(6)(A), and she attached an amended complaint which cited § 1821(d)(6)(A).[1] The district court denied the motion as an untimely Rule 59(e) motion. Helm appealed that decision as well as the underlying Rule 12(b)(1) dismissal. In our earlier opinion, we did not reach the merits of the Rule 12(b)(1) dismissal. Instead, we vacated the dismissal of the "Motion to Reconsider" and remanded the case to the district court, holding that because Helm served the motion more than ten days after final judgment the district court should have treated it as a motion under FED.R.CIV.P. 60(b). *Helm*, 43 F.3d at 1166–67. On remand, Helm argued that her motion should be granted under either Rule 60(b)(1) or (6). She claimed that her citation to § 1821(d)(7)(A) instead of (d)(6)(A) was an inadvertent, technical error and therefore qualified as a mistake or excusable neglect.

The district court denied Helm's Rule 60(b) motion on May 15, 1995. The district judge noted that the complaint, instead of requesting a *de novo* examination of her claim, was couched in terms of judicial review of an administrative action, challenging the RTC's decision as "arbitrary and capricious" and "unsupported by substantial evidence." The district judge also noted that he had provided Helm's counsel with an opportunity to remedy the jurisdictional defect of the complaint during the hearing on the RTC's motion to dismiss but that Helm's counsel had failed to do so. Based on the foregoing, the district judge found that Helm's counsel had intended to cite § 1821(d)(7)(A) and therefore the failure to cite the proper section did not qualify as a "mistake" under Rule 60(b)(1). The district judge found that the error was instead caused by inexcusable attorney negligence, which does not qualify for relief under Rule 60(b)(1). The district judge also denied relief under Rule 60(b)(6), holding that Rule 60(b)(6) cannot be used as "an end run around" the disentitlement to relief from inexcusable attorney negligence

under Rule 60(b)(1). Finally, the district court summarily denied Helm's Rule 15(a) motion for leave to amend.

Helm filed her notice of appeal on June 22, 1995. She appeals only the district court's denial of her Rule 60(b) motion and the alternative Rule 15(a) motion to amend.

## II

### A

■ Rule 60(b) provides a district court with the discretion to afford relief from a judgment or order under certain circumstances, two of which are relevant to the case at hand. Rule 60(b)(1) allows a district judge to provide relief from a judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect." Rule 60(b)(6) allows for relief for "any other reason justifying relief from the operation of the judgment." Relief is available pursuant to 60(b)(6) only in "exceptional circumstances." *Williams v. Hatcher*, 890 F.2d 993, 995 (7th Cir.1989) (quoting *Spika v. Village of Lombard*, 763 F.2d 282, 285 (7th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986)); *see also* 11 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2864, at 357–76 (2d ed.1995). The decision whether to grant or deny relief is within the sound discretion of the district judge. *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir.1994).

■ Helm first argues that the district court erred in finding that her citation to § 1821(d)(7)(A) instead of § 1821(d)(6)(A) in her original complaint was the result of attorney negligence and not a clerical mistake. Helm's argument is unavailing, for the record more than adequately supports the district court's finding. As the court noted, the complaint not only cited the wrong statutory provision, it was framed throughout in terms of seeking judicial review of administrative action, which is consistent with § 1821(d)(7)(A) but inconsistent with § 1821(d)(6)(A). More revealing is the fail-

---

1. The amended complaint actually referenced the nonexistent "12 U.S.C. para. 1821(d)(6)(A)(6)." The incorrect citation to § 1821(d)(6)(A) is indic-

ative of the careless preparation of materials submitted by Helm's attorney to the district court.

ure of Helm's attorney to inform the court during the hearing on the RTC's motion to dismiss that the court could exercise jurisdiction over the complaint pursuant to § 1821(d)(6)(A). If the citation to § 1821(d)(7)(A) was an unintentional clerical error, the motion to dismiss would have brought this fact to the attention of Helm's attorney, and the attorney would have explained the proper jurisdictional ground to the court. The fact that the attorney stood silent while the judge explained that he lacked subject matter jurisdiction over the complaint under § 1821(d)(7)(A) belies the claim that the citation to that statute was the result of an inadvertent, clerical mistake.

■ Nor did the district court abuse its discretion in finding that the failure to bring the complaint under § 1821(d)(6)(A) was the result of inexcusable attorney negligence. The one-page letter from the RTC to Helm explicitly set forth § 1821(d)(6)(A) as the proper section under which to pursue a judicial remedy for her disallowed claim. Helm's attorney disregarded that information, performed independent research, and chose to pursue her claim for relief under § 1821(d)(7)(A). Helm's attorney's attempt to justify her error by characterizing FIRREA as an extremely complicated statute is unavailing. First, difficult legal questions are why people hire and depend upon their lawyers. It is the lawyer's responsibility to spend sufficient time on a matter so that he may adequately represent his client and, if the matter is beyond his expertise or abilities, to so inform his client. ILL.R.PROF. COND. 1.1(a), (b). Second, and more telling, the RTC's letter pointed Helm's attorney to the correct provision. It was only through deficient lawyering that Helm's counsel was confused by the complexity of FIRREA and filed suit under the wrong statutory provision.

We have held time and time again that inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1). *See, e.g., United States v. 7108 West Grand Ave.*, 15 F.3d 632, 634 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994); *Partee v. Metropolitan Sch. Dist.*, 954 F.2d 454, 458 (7th

Cir.1992). Today, we reaffirm our commitment to that common-sense principle. "Litigants whose lawyers fall asleep at critical moments may seek relief from the somnolent agents; inexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation." *Golden Elevator*, 27 F.3d at 303.

Of course, attorney error may, under certain circumstances, qualify as a reason justifying relief from judgment. The plain language of Rule 60(b)(1) provides that "excusable neglect" may justify relief from judgment, and we have reversed a district court's denial of relief because we found that the attorney's error that led to the judgment was excusable. *See A.F. Dormeyer Co. v. M.J. Sales & Distrib. Co.*, 461 F.2d 40, 43 (7th Cir.1972) (holding that attorney's error in not filing answer with clerk of court was "mistake" and "excusable neglect"); *see also Hough v. Local 134, Int'l Bhd. of Elec. Workers*, 867 F.2d 1018, 1022 (7th Cir.1989) (noting that attorney error may qualify as excusable neglect). However, the burden to prove that the neglect was excusable is upon the party seeking relief from judgment, FED.R.CIV.P. 60(b), and the district court's determination as to whether the neglect was or was not excusable is within its sound discretion. *Hough*, 867 F.2d at 1023. In this case, the district court did not abuse its discretion in finding that the failure of Helm's attorney to bring suit under the correct jurisdictional provision was the result of inexcusable attorney negligence and, therefore, that Helm was not entitled to relief under Rule 60(b)(1).

■ Helm also takes issue with the district court's finding that Rule 60(b)(6) does not provide relief for inexcusable neglect that fails to qualify for relief under Rule 60(b)(1). Helm argues that because she was denied relief under 60(b)(1), she was entitled to relief under 60(b)(6). Helm is correct to the extent that relief is foreclosed under 60(b)(6) where it would have been available under one of the other five sections. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 n. 11, 108 S.Ct. 2194, 2204 n. 11, 100 L.Ed.2d 855 (1988); *Margoles v. Johns*, 798

F.2d 1069, 1073 n. 6 (7th Cir.1986), *cert. denied,* 482 U.S. 905, 107 S.Ct. 2482, 96 L.Ed.2d 374 (1987). However, just because relief is unavailable under 60(b)(1) does not mean it is available under 60(b)(6). Relief under 60(b)(6) requires a showing of exceptional circumstances. *Williams,* 890 F.2d at 995. This is a simple case of attorney negligence, and as we have held more than once, inexcusable attorney negligence is not an exceptional circumstance justifying relief under Rule 60(b)(6). *See, e.g., Williams,* 890 F.2d at 996; *Andrews v. Heinold Commodities, Inc.,* 771 F.2d 184, 189 (7th Cir.1985).

Helm also argues that the district court abused its discretion in denying relief under Rule 60(b)(6) by not expressly considering the factors outlined in *Metlyn Realty Corp. v. Esmark, Inc.,* 763 F.2d 826, 831 (7th Cir. 1985). Helm misapprehends the nature of our opinion in *Metlyn.* True, we did outline some of the important factors that might inform a district court's decision to grant or deny relief under Rule 60(b)(6). However, those factors only come into play when the district judge is faced with "a question without a right answer," and we will not reverse his discretionary finding "unless the judge leaves something important out of his analysis." *Id.* In this case, the answer to the question of whether relief should be granted was clear—inexcusable neglect does not justify relief under Rule 60(b)(6). Thus, the district court was not required to engage in a detailed analysis to reach that conclusion.

### B

■ Helm also raises arguments relating to her companion motion for leave to amend her complaint under FED.R.CIV.P. 15(a), to which she attached an amended complaint that seemingly remedied the jurisdictional defect that doomed her original complaint. We review a district court's decision to deny a motion to amend for abuse of discretion. *Amendola v. Bayer,* 907 F.2d 760, 764 (7th Cir.1990).

■ Helm first argues that the district court erred in not considering the merits of her Rule 15(a) motion prior to deciding her Rule 60(b) motion. In support of that proposition, she cites *Paganis v. Blonstein,* where we noted that a district court generally should first examine the merits of a Rule 15(a) motion before deciding whether to grant a Rule 59(e) or 60(b) motion. 3 F.3d 1067, 1073 n. 7 (7th Cir.1993). Helm neglects to consider the other portion of that footnote where we noted that in some cases it is an appropriate exercise of discretion to deny a motion to alter or amend or for relief from judgment without first looking to the merits of the motion for leave to amend. *Id.* The cases in which a district court may disregard a motion to amend are those where the relative merits of the Rule 15(a) motion will not affect the judge's decision with regard to the Rule 59(e) or 60(b) motion. In those cases, whether the amended complaint would cure the original defect is irrelevant; the motion to alter or amend or for relief from judgment would be properly denied regardless. Because a motion to amend following final judgment may only be granted *after* a motion under Rule 59(e) or 60(b) has been granted, *Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir.1992), it would be a waste of limited judicial resources to require a district judge to first consider the merits of a motion to amend where the motion to alter or amend or from relief from judgment is doomed to denial.

■ Helm also argues that the district court abused its discretion in denying her motion to amend because leave to amend defective allegations of jurisdiction should be freely given, citing *Leaf v. Supreme Court of Wis.,* 979 F.2d 589, 595 (7th Cir.1992), *cert. denied,* 508 U.S. 941, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993). Helm is correct that leave to amend defective jurisdictional allegations should be freely given, and we are confident that if Helm had told the district court at the hearing on the motion to dismiss that jurisdiction was available, the judge would have granted her leave to amend. However, that is not what happened. Helm waited until almost a month after final judgment to move to amend her complaint. As noted above, she must have first succeeded on a Rule 59(e) or 60(b) motion before the court could grant her leave to file an amended complaint. *Figgie,* 966 F.2d at 1179. Helm cannot straddle the Rule 60(b) hurdle,

and thus the district court did not abuse its discretion in summarily denying her Rule 15(a) motion.

### C

 Helm attempts to raise a final argument relating to the merits of the Rule 12(b)(1) dismissal. She contends that even though the complaint referenced § 1821(d)(7)(A) and was couched in terms of judicial review of an administrative action, the district court erred in granting the motion to dismiss because the sole exhibit to the complaint (the RTC's letter) referenced § 1821(d)(6)(A), which would have provided jurisdiction. However, we cannot address this issue because Helm failed to appeal the underlying dismissal. *See Hough,* 867 F.2d at 1021–22 (holding that a Rule 60(b) motion cannot be used to review the merits of the underlying judgment).

For the foregoing reasons, we AFFIRM the district court's denial of Helm's Rule 60(b)(1) and (6) and Rule 15(a) motions.