Darla S. SPARROW and Terry R. Sparrow, Plaintiffs–Appellants,

v.

Harlan HELLER, et al., Defendants–Appellees.

No. 96–3225.

United States Court of Appeals, Seventh Circuit.

Argued April 30, 1997.

Decided June 9, 1997.

for lack of subject matter jurisdiction because they failed to plead the jurisdictional amount, more than $50,000. 28 U.S.C. § 1332(a) (1996). (Section 1332(a) has since been amended to set the jurisdictional minimum at more than $75,000. The amendment, which went into effect in January 1997, need not concern us.) Following the district court's dismissal of their complaint and entry of judgment in favor of the defendants, the plaintiffs, Darla and Terry Sparrow, sought to have the district court set aside its order and grant them leave to amend their complaint under Federal Rule of Civil Procedure 15(a) so as to plead the requisite jurisdictional amount. When the district court denied this relief, the plaintiffs brought two subsequent motions for reconsideration, each of which the district court denied. They now appeal the denial of their motion to set aside the order and their motions for reconsideration. We affirm the decisions of the district court.

## I.

If a plaintiff wishes to amend the complaint pursuant to Rule 15(a) following the entry of judgment, he or she may do so "only with leave of the court after a motion under Rule 59(e) or 60(b) ... has been made and the judgment has been set aside or vacated." *Figgie Int'l Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir.1992). We have recently noted that it is appropriate for a district court to refuse to allow a plaintiff to amend the complaint after judgment had been entered on the ground that the plaintiff did not first move to have the judgment set aside. *Diersen v. Chicago Car Exchange,* 110 F.3d 481, 488 n. 6 (7th Cir.1997); *Pena v. Mattox,* 84 F.3d 894, 903 (7th Cir.1996).

In the present case, the plaintiffs sought to amend their complaint only after judgment was entered. They did not seek to have the judgment set aside; they simply asked the district court to reverse its order and grant them leave to amend the complaint. The plaintiffs' attorney claims that because he received the district court's order dismissing the claim and the entry of judgment on the same day, he did not realize that judgment had been entered and therefore that his clients should not suffer the consequences of what he characterizes as a justifi-

Mark V. Morsch (argued), Morsch & Associates, Orlando, FL, for Plaintiffs-Appellants.

Joseph R. Marconi (argued), David M. Macksey, Peter A. Nicholson, Johnson & Bell, Chicago, IL, for Defendants-Appellees.

Before COFFEY, FLAUM, and DIANE P. WOOD, Circuit Judges.

FLAUM, Circuit Judge.

This is a diversity case in which the district court dismissed the plaintiffs' complaint

able oversight on his part. However, this argument is beside the point for once judgment was entered the suit was over and there was no pending complaint to amend. *Pena,* 84 F.3d at 903. Therefore, the district court appropriately denied the plaintiffs' motion to amend the complaint.

## II.

Following the defendants' response to the plaintiffs' motion to amend their complaint, in which the defendants asserted that such an amendment could not be allowed without the plaintiffs' first seeking to have the judgment set aside, the plaintiffs filed motions to set aside the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). The district court, however, refused to accept these filings, concluding that they were untimely.

▬ Rule 59(e) specifies that a motion under that rule must be filed within 10 days of the entry of judgment. The plaintiffs filed their motion under this provision over two months after the entry of judgment and therefore it clearly was untimely. In contrast, Rule 60(b) states that motions under the rule must be filed within a "reasonable time" following the entry of judgment. Here, the district court concluded that the plaintiffs had not filed this motion within a reasonable time. We review the district court's determination on this issue for an abuse of discretion. *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir.1986). As discussed above, the plaintiffs' proffered reason for the delay in filing the 60(b) motion to set aside the judgment was that counsel did not realize that judgment had been entered. We conclude that the district court did not abuse its discretion in determining that a delay of over two months was not reasonable when the basis of the delay was counsel's oversight. While it is unfortunate when plaintiffs suffer the consequences of their attorney's inaction, given the demand on the resources of federal courts, we will not ordinarily question a district judge's decision to enforce rules designed to promote the efficient and orderly process of litigation.

## III.

▬ Although the district judge refused to accept the plaintiffs' Rule 60(b) filing, he indicated that he would have rejected the motions on the merits even if he had accepted them. The plaintiffs did not indicate under which subsection of Rule 60(b) they were proceeding. However, only 60(b)(1) and 60(b)(6) arguably apply to this case. Rule 60(b)(1) allows the district court to grant relief on the grounds of "mistake, inadvertence, surprise or excusable neglect." Here, the district court concluded that the error in asserting the correct jurisdictional amount was due to the negligence of plaintiffs' counsel rather than being an excusable scrivener's or clerical error. Inexcusable neglect on the part of an attorney is not grounds for granting a Rule 60(b)(1) motion. *United States v. 7108 West Grand Ave.,* 15 F.3d 632, 634 (7th Cir.1994). Nor is it a basis for relief under Rule 60(b)(6), notwithstanding the broad language stating that relief should be granted for "any other reason justifying relief from the operation of the judgment." *Helm v. Resolution Trust Corp.,* 84 F.3d 874, 879 (7th Cir.1996). Therefore, if the district court was correct in its conclusion that the error was due to inexcusable neglect, it was appropriate to deny relief.

▬ This court reviews a district court's determination that an error was due to inexcusable attorney negligence for an abuse of discretion. *Helm,* 84 F.3d at 877–78. Here, the district court noted that the error in the complaint regarding the jurisdictional amount was made in words as well as in numbers, thereby undermining the plaintiffs' claim that this was a scrivener's error. In addition, after the defendants moved to dismiss the complaint for lack of subject matter jurisdiction (on the ground that the plaintiffs had failed to plead the correct jurisdictional amount) the plaintiffs did not then move to amend the complaint or state that they had made a clerical error; they made the unavailing argument that the defense of lack of subject matter jurisdiction had been waived. *See* Fed.R.Civ.P. 12(h)(3) ("*Whenever* it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action.") (emphasis added). The plaintiffs' failure to assert clerical error at the time lack of subject matter jurisdiction was brought to their attention undermines their

claim. *See Helm,* 84 F.3d at 878 ("The fact that the attorney stood silent while the judge explained that he lacked subject matter jurisdiction over the complaint ... belies the claim that the [error] was the result of an inadvertent, clerical mistake."). We therefore conclude that had the district judge accepted the plaintiffs' 60(b) motion and rejected it on the merits (as he indicated he would have done), he would have been acting within his discretion.

### IV.

The plaintiffs did not advance any arguments in their motions for reconsideration that merit discussion. Thus, in addition to affirming the district court's denial of the plaintiffs' motion to amend their complaint, we affirm the district court's denial of their motions for reconsideration.

AFFIRMED.