**Kathy L. SINER, Plaintiff–Appellant,**

v.

**EASTSIDE COMMUNITY INVESTMENTS, INC.,**
**Defendant–Appellee.**

No. 01–2033.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2001.*

Decided Nov. 21, 2001.

Before Hon. POSNER, Hon. MANION, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

ORDER

Kathy Siner sued her former employer Eastside Community Investments, Inc. ("ECI") under Title VII and the Equal Pay Act, claiming that ECI discriminated against her because she is a woman and then fired her when she complained. On March 22, 2000, the district court granted summary judgment for ECI. Siner initiated an appeal, but in November 2000 we dismissed her appeal for failure to prosecute after she repeatedly missed the deadline to file her brief. Siner then tried to revive her case in the district court. On March 21, 2001, she filed an "Appeal under Rule 60," which she supplemented eight days later with an "Appeal under Rule 60: Amended with Additional Sections." The district court construed both "appeals" as motions for relief from judgment under Federal Rule of Civil Procedure 60(b) and denied them both. Siner now appeals.

With this appeal, however, she attempts to appeal the district court's grant of summary judgment, which she cannot do. An appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review. *Browder v. Director, Dep't. of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000). Rule 60(b) permits a district court to relieve a party from a judg-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ment on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Siner's "appeals" did not present any valid basis for collateral attack under Rule 60(b). Rather, they rehashed arguments the district court rejected in granting summary judgment for ECI. In *Bell,* we held that such arguments could have been presented by way of appeal and thus are impermissible grounds for a Rule 60(b) motion. *See* 214 F.3d at 801.

Like the plaintiff in *Bell,* Siner also attempted to characterize her attack on the underlying judgment as one for Rule 60(b) relief by arguing that because of her counsel's negligence, her case was not adequately presented to the court on summary judgment. But ineffective assistance of counsel does not fall under the rubric of Rule 60(b) either. *Id* at 801–02; *see also Sparrow v. Heller,* 116 F.3d 204, 206 (7th Cir.1997) (holding that "inexcusable neglect on the part of an attorney is not grounds for granting a Rule 60(b)(1) motion."). Thus, this appeal is an untimely attempt to appeal from summary judgment and must be dismissed. *See Bell,* 214 F.3d at 801–02.

Siner contends that we should excuse her failure to timely appeal because she is *pro se.* While we sympathize with the difficulties of proceeding *pro se,* we cannot disregard the rules requiring that litigants timely appeal judgments. *See Browder,* 434 U.S. at 263 n. 7, 98 S.Ct. 556; *Bell,* 214 F.3d at 800 ("no jurisdiction to review untimely appeals."). We granted Siner several extensions of time before dismissing her first appeal for failure to prosecute. She cannot now resurrect that appeal through Rule 60(b): "[w]ere we to allow appellants to follow this route, the rules governing timeliness of appeal would quickly lose their bite, and one of the law's primary purposes–to settle disputes finally–would be undermined." *Cash v. Illinois Div. Of Mental Health,* 209 F.3d 695, 698 (7th Cir.2000).

Accordingly, Siner's appeal is DISMISSED.