UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued September 22, 2006
Decided October 4, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-4216

| | |
|---|---|
| COREY LONGS,<br>　　　　　*Plaintiff-Appellant,*<br><br>　　　v.<br><br>CITY OF SOUTH BEND, et al.,<br>　　　　　*Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:02-CV-221; 3:03-CV-699<br><br>Robert L. Miller, Jr.,<br>*Chief Judge.* |

**O R D E R**

Corey Longs filed two lawsuits under 42 U.S.C. §§ 1983, 1985, and 1988 against the City of South Bend and several police officers claiming civil rights violations.  After consolidating the two cases, the district court (Chief Judge Robert L. Miller, Jr., presiding) dismissed some claims and later granted summary judgment on others when Longs' attorney neglected to respond to the summary judgment motion.  The district court held a bench trial on the remaining claims. Longs appeals only the grant of summary judgment (and the denial of his motion for reconsideration of summary judgment), contending that the district court should have excused his attorney's failure to respond as required by the rules.  Because the

district court did not abuse its discretion in not excusing the attorney's neglect, we affirm. The proper remedy, if any, for the attorney's inaction is a malpractice suit by Longs against the attorney.

Longs' first lawsuit, case no. 3:02-cv-221, asserted claims against the City of South Bend and two of its police officers. He alleged that the defendants entered his home and used unreasonable and excessive force against him while conducting a warrantless search. He filed his second complaint, case no. 3:03-cv-699, asserting additional civil rights claims against the City of South Bend and other police officers and agents involving twenty-three events between October 2000 and July 2003. Longs was represented by the same attorney when the cases were filed.

The district court dismissed many claims in the second case on statute of limitations grounds. The defendants then moved for summary judgment on the remaining claims in both cases, serving Longs on February 22, 2005. Under the court's local rules, Longs had thirty days, until March 24, 2005, to respond. Longs did not respond, and the court granted the motion on April 5, 2005.

Longs then filed two motions for reconsideration, on April 22, 2005, and again on May 27, 2005. In his first motion for reconsideration, he asserted that (1) he had fired his attorney on March 31, 2005 (seven days after the due date for the response), (2) his attorney failed to withdraw after being fired, (3) the court did not allow Longs to respond to the defendants' motion until his attorney had withdrawn, and (4) Longs did try to respond to the summary judgment motion before the case was dismissed. The district court denied the first motion, stating only that it did not warrant Fed. R. Civ. P. 60(b) relief.

Longs' second motion for reconsideration was limited to the first case, no. 3:02-cv-221. On June 7, 2005, the court granted this motion in part and reopened the first case because it agreed with Longs' assertion that the defendants' summary judgment motion didn't really address the claims in that case. The second case, no. 3:03-cv-699, remained closed.

The district court conducted a bench trial in the reopened case. On October 4, 2005, it entered judgment, awarding Longs a total damage award of $36,405. Longs filed this notice of appeal on November 3, 2005, challenging the district court's grant of summary judgment of the second case and denial of his first motion for reconsideration of that judgment.

As a threshold question, we must consider our jurisdiction because Longs filed his notice of appeal of the second case almost six months after the district

court granted summary judgment and denied reopening that case. But we have previously held that where two cases are consolidated, as here, a single judgment not covering all claims and parties is not appealable absent a certification under Fed. R. Civ. P. 54(b). *Alinsky v. United States*, 415 F.3d 639, 642 (7th Cir. 2005). *See also Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992). The district court made no such ruling. Furthermore, even where a district court "ambiguously" consolidates two civil actions by failing to specify whether they are fully, or only partially, consolidated, we treat the two actions as fully consolidated so long as they are "sufficiently closely related." *Am. Nat'l Bank & Trust Co. v. Equitable Life Assur. Soc'y of the United States*, 406 F.3d 867, 876 (7th Cir. 2005) (quoting *Sandwiches, Inc. v. Wendy's Int'l, Inc.*, 822 F.2d 707, 709 (7th Cir. 1987)). Given this precedent, the thirty-day time period for filing a notice of appeal under Fed. R. App. P. 4 did not begin to run until October 4, 2005, when the court entered judgment following the bench trial. Since Longs filed his notice of appeal on November 3, 2005, he was within the thirty-day period. Accordingly, we have appellate jurisdiction.

In this appeal Longs argues that because only his attorney--and not he--was remiss in failing to file a response brief to the defendants' summary judgment motion, the district court should not have granted it and should have granted his motion for reconsideration.

We address first the grant of summary judgment, which can be disposed of quickly. We review a district court's grant of summary judgment *de novo*, drawing all reasonable inferences in the light most favorable to the nonmoving party. *Sperandeo v. Lorillard Tobacco Co.*, no. 05-1916, 2006 U.S. App. LEXIS 21216, at *9 (7th Cir. Aug. 18, 2006). Longs may not rest on his pleadings but must adduce evidence setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The plaintiff "retains the burden of producing enough evidence to support a reasonable jury verdict in his favor." *Lawrence v. Kenosha County*, 391 F.3d 837, 842 (7th Cir. 2004). If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. P. 56(e). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (U.S. 1986).

Here, the district court did not err when it granted summary judgment on the second case. The defendants presented evidence in support of their motion showing the clear absence of a constitutional violation. They also pointed to the elements of Longs' claims on which he had no proof. With no response from Longs--a complete failure of proof--he did not meet his burden under Rule 56, and the

district court's entry of summary judgment was proper. *See Celotex*, 477 U.S. at 323 ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

Longs' more tenable, but ultimately unavailing, argument is that the district court should have granted his motion to reopen the second case because he established grounds for doing so under Fed. R. Civ. P. 60(b). Specifically, he argues that his attorney's failure to file a summary judgment response constitutes "excusable neglect" under Rule 60(b)(1), or alternatively, his attorney's inaction was sufficiently extreme to justify relief under the more stringent Rule 60(b)(6) standard. Although Longs' motion for reconsideration did not reference a Federal Rule of Civil Procedure, it was filed after the 10-day period required by Rule 59(e), so it is analyzed as a Rule 60(b) motion.

Rule 60(b)(1) permits the court in the exercise of discretion to relieve a party from an order on the grounds of mistake, inadvertence, or excusable neglect, and Rule 60(b)(6) covers "any other reason justifying relief from the operation of the judgment." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) relief is regarded as an extraordinary remedy which is granted only in exceptional circumstances. *Id.* Under Rule 60(b)(1), generally attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant and regardless of the attorney's degree of culpability. *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). *See also McCormick,* 230 F.3d at 327 ("neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)"); *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1084 (7th Cir. 1997) ("a client is bound by his chosen agent's deeds, whether it be negligence, gross negligence, or even wilful conduct"). *But see Robb v. Norfolk & Western Ry.*, 122 F.3d 354, 361 (7th Cir. 1997), which vacated a Rule 60(b)(1) denial because the district court believed it had no discretion to evaluate whether attorney negligence may be deemed excusable neglect.

The standard for relief under Rule 60(b)(6) is even more demanding. To justify relief under subsection (6), a party must show "extraordinary circumstances." *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (U.S. 1993). Rule 60(b)(6) is unavailable when attorney negligence or other attorney misconduct is at issue. *Easley*, 382 F.3d at 699 n.5 (missed deadline); *Pantoja v. Texas Gas & Transmission Corp.*, 890 F.2d 955, 960 (7th Cir. 1989) (conflict of interest). *See also Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir. 1996). The proper remedy is a malpractice action against the attorney. *See Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003)

("[i]f a party's lawyer is guilty of professional malpractice . . . , the party has a remedy against him, but it should not be permitted to shift the burden of its agent's neglect to the district court and the defendants"); *Pantoja*, 890 F.2d at 960. Further, the "typical" Rule 60(b)(6) case is one where "there just is no way the party seeking to set aside the judgment could have discovered the ground for doing so within a year of its entry," as required by Rule 60(b)(1), (2), and (3). *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004). Because Longs could and did bring his motion within one year, Rule 60(b)(6) is not applicable.

We evaluate a district court's decision to deny relief under Rule 60(b)(1) using an extremely deferential abuse of discretion standard. *Easley*, 382 F.3d at 697. A court has abused its discretion only when no reasonable person could agree with it. *McCormick*, 230 F.3d at 326-27. The district court's decision not to grant the entire motion for reconsideration should stand unless we find there is a substantial danger that the ruling was fundamentally unjust. *Id.* at 327.

Longs' argument is simple: his attorney failed to file the summary judgment response by March 24, 2005, and Longs should not suffer for that mistake. But when an attorney neglects to file a timely brief, a district court acts within its discretion to deny Rule 60(b) relief even when the result is an adverse summary judgment ruling, as we already determined in *Easley*. In *Easley*, an attorney failed to file a response to the defendant's summary judgment motion. Easley claimed the reason for the failure was that her attorney was confused about the filing deadline. We held that the trial court did not abuse its discretion in denying Easley's Rule 60(b)(1) motion based on a misunderstanding of a filing deadline and refusing to vacate summary judgment against her. We classified the attorney's conduct as "inexcusable inattentiveness or neglect, rather than excusable carelessness." Longs' case is even weaker because, unlike Easley, Longs has offered no explanation for his attorney's neglect, so there is no reason to consider it excusable. Accordingly, the district court did not abuse its discretion in declining to reopen the case.

Although Longs offers no explanation for his attorney's neglect, he argued to the district court that his attorney actually impaired his own ability to respond to the summary judgment motion after the filing deadline. Specifically, he asserted in his motion to reconsider that once he fired his attorney (a week after the filing deadline), the attorney delayed withdrawing, and the court would not allow him to respond to the summary judgment motion until the attorney was out of the case. Longs also asserts in his brief to this court that he has been a conscientious litigant. However, even taking these unsworn assertions as true (and they are not developed), clients are accountable for the acts and omissions of their attorneys.

Id. at 699-700 (quoting *Pioneer*, 507 U.S. at 396). Because Longs offers no explanation for his attorney's failure to timely file, the district judge did not abuse his discretion in refusing to allow Longs additional time to file a response in place of his attorney. *Cf. Easley*, 382 F.3d at 698 ("a trial court has an obligation to control and manage its own docket"); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909-10 (7th Cir. 2003) (holding that the power to control a court's docket is vested in the reasonable discretion of the trial judge). We therefore AFFIRM the judgment of the district court.