In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3083

OSCAR E. CRUZ,

*Plaintiff-Appellant,*

*v.*

JOHN SAFFORD, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 05 C 366—**Larry J. McKinney**, *Judge.*

ARGUED APRIL 16, 2009—DECIDED AUGUST 28, 2009

Before EASTERBROOK, *Chief Judge*, and BAUER and
MANION, *Circuit Judges*.

BAUER, *Circuit Judge.* Oscar Cruz, an inmate at the
Pendleton Correctional Facility, filed a pro se civil
rights action against prison guard John Safford under
42 U.S.C. § 1983, claiming that Safford reached into
Cruz's cell and choked him, in violation of his Eighth
Amendment right to be free from excessive force. The
case was tried to a jury and Cruz lost. On appeal, Cruz

argues that the district court committed several reversible errors by: (1) erroneously instructing the jury; (2) denying a motion to amend his complaint; and (3) limiting the cross-examination of one of Safford's witnesses. For the following reasons, we affirm.

## I. BACKGROUND

In answer to Cruz's § 1983 excessive force complaint, Safford denied even touching Cruz; according to Safford, he brought Cruz his correspondence and only passed it through the cell bars, which his employment duties required him to do. Finding that there were triable issues of material fact, the district court denied Safford's summary judgment motion.

Cruz filed his proposed jury instructions before trial, which, in addition to an excessive force instruction, included instructions for assault and battery, and requested that these state law claims proceed as part of the case. Safford objected. At the final pretrial conference, Safford claimed that the issues in the complaint had already been briefed—namely, the § 1983 action. Although the district court noted that "assault and battery is not a stranger to excessive force actions," it denied Cruz's assault and battery instructions. The court found that because the assault and battery claims "have not previously been identified through the pleadings or through any pretrial order," the way to avoid prejudice "at this late date" was to treat Cruz's case as only an excessive force claim. Cruz renewed his request for the instructions at the jury instructions conference, but the district court again denied it.

The district court intended to use its own § 1983 instruction, based on the Eighth Amendment claim. The instruction stated that prisoners have the right to be free from excessive force by prison staff and, for § 1983 purposes, that the jury had to find that Cruz had a constitutionally protected right. Cruz challenged the instruction on the ground that the right to be free from excessive force was a guaranteed right, not a right that had to be determined by the jury or proved by Cruz. The district judge rejected this objection; he stated, "I think the instructions that I've got are adequate. I've used them before, and I think juries can sort through them. If you just take the one, it does look a little complicated; but there are others that flesh it out a little better."

At trial, Cruz called prisoners from cells adjacent to his, to testify on his behalf. The prisoners testified that, upon hearing the interaction between Cruz and Safford, they were informed by Cruz that Safford attacked Cruz; one prisoner also claimed to have seen Safford reach into Cruz's cell. However, they testified that they could not see if there had been any contact. These witnesses later described the incident as Safford reaching into the cell and attempting to grab Cruz.

Safford testified that he never put his hands into the cell, but that Cruz began to shout that Safford had, in an attempt to grab Cruz. Safford, and other correctional officers, including Safford's supervisor Rick Shannon, stated that all employees were trained to not put their arms into a prisoner's cell to avoid injury. Shannon also summarized the incident, along with a conversation

with Cruz, in a report. The report stated that "Cruz's story had escalated to that Safford had tried to hit Cruz while Cruz was in his cell. . . . Cruz's story would later escalate to Safford actually hit Cruz."

In an attempt to discredit Shannon's testimony, Cruz intended to cross-examine Shannon using his previous deposition testimony. Outside the presence of the jury, Cruz informed the district court that Shannon had testified that he had only been arrested twice, but Madison County Sheriff's Department records indicated that he had, in fact, been arrested about six other times. The district court, in light of the fact that one of the arrests was for child molestation, limited Cruz's cross-examination, because "the prejudicial nature of that given the fact that he's found not guilty is overwhelming." The court also prohibited Cruz from inquiring into the number of times Shannon was arrested since the arrests did not deal with Shannon's credibility, and nor did his sole conviction which was for battery.

At the close of evidence, Cruz orally moved to amend his pleadings to conform to the evidence presented and add assault and battery claims, with accompanying jury instructions. The motion was denied.

The jury found in favor of Safford and Cruz timely appealed.

## II. DISCUSSION

Cruz argues that the district court abused its discretion in three ways: (1) when it instructed the jury to find

whether Cruz had presented enough evidence to establish that he had a constitutionally protected right to be free from excessive force; (2) when it refused to include assault and battery claims as part of the case; and (3) when it prohibited Cruz from questioning Shannon about his number of previous arrests.

## A. Jury Instruction

We begin by reviewing the propriety of the district court's instruction that the jury had to find that the Eighth Amendment protected Cruz from excessive force. "We consider a district court's jury instructions with deference, analyzing them as a whole to determine if they accurately state the law and do not confuse the jury." *Aliotta v. National Railroad Passenger Corp.*, 315 F.3d 756, 764 (7th Cir. 2003) (citation omitted). This inquiry requires us to first determine whether an instruction misstates or insufficiently states the law and, if legally improper, then to determine whether the instruction could produce prejudice by a confusing or misleading jury instruction. *Id.*

The instruction in question stated that:

Mr. Cruz asserts that Mr. Safford violated his federal constitutional rights by subjecting him to constitutionally excessive force. The Eighth Amendment to the United States Constitution protects prisoners from the use of excessive force by prison staff. This claim is brought pursuant to Title 42, Section 1983 of the United States Code, which permits an individual to

> seek redress in this Court, by way of money damages, against any person who, under color of state law, deprives that individual of any of his or her constitutional rights. . . .
>
> In order to find a defendant liable under Section 1983, you must find that (1) plaintiff had a constitutionally protected right, (2) he was deprived of that right in violation of the Constitution, (3) the defendant intentionally caused that deprivation and (4) the defendant acted under color of state law. The plaintiff has the burden of proving each of these elements.

According to Cruz, this instruction—informing the jury that there is a right and later that it must find whether a right existed—confused the jury and was erroneous.

We disagree; the instruction, as given, is not error. It correctly states the facts that must be proved to establish a § 1983 case. The difficulty lies in the fact that two of the necessary facts were already established in this case. One fact was established as a matter of law, as the instruction carefully points out. The last fact that had to be proved was also established—as the instruction also points out—by an agreement by the defendants that they were acting under color of state law. So that, properly speaking, the jury had only to find two of the four necessary predicates for the plaintiff to prevail. And while the reiteration of the four necessary facts may seem somewhat confusing, they are not misleading.

Properly, for greater clarity, the instruction should have recited that two of the necessary facts are demon-

strated: (1) as a matter of law, and (4) by stipulation, and only two facts remained for the jury's consideration. But the fact that the instruction could be clearer does not make it erroneous. Considered in its entirety, and with other instructions, it properly states the law. No reasonable juror would be long in determining that only two of the four issues were in dispute.

## B. Amending the Complaint

Cruz argues that the district court erred when it denied Cruz the opportunity to amend his complaint and add pendant state law claims for assault and battery under Federal Rule of Civil Procedure 15. He argues that the court abused its discretion when it refused to add the claims to the pro se complaint. *See Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir. 1996). Cruz contends that Safford would not have suffered prejudice since he impliedly had notice of the assault and battery claims, given the nature of an excessive force action.

We can briefly dispose of this argument. Cruz argues that Rule 15 allowed the district court to add the claims, and that the court's discretionary rejection of them was abusive. We have previously noted that "[e]leventh hour additions are bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants[,]" and a district court can reject new claims to avoid prejudice. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted). However, our focus is not on the complaint

but on amending the pretrial order. A district court also has the discretionary power to reject new claims from becoming part of the pretrial order to avoid prejudice. *See* Fed. R. Civ. P. 16. The district court properly exercised its discretion when it did not allow the claims to be included in the order because: the claims had not been identified in the pleadings or previous orders; the claims were raised too late since the parties have already "gone a long way in this case without raising the assault and battery"; and Safford had neither researched, nor prepared the issues. Therefore, the district court did not abuse its discretion when it kept tardy assault and battery claims out of the pretrial order and refused to consider them in Cruz's § 1983 excessive force action.

### C.  Limitation of Cross-Examination

Finally, Cruz contends that the district court erred by denying Cruz the opportunity to cross-examine Shannon about the number of Shannon's previous arrests. We review the district court's evidentiary ruling of limiting the scope of cross-examination for an abuse of discretion and reverse only if we find that the limitation affected Cruz's substantive rights. *United States v. Gallardo*, 497 F.3d 727, 732 (7th Cir. 2007); *United States v. Williamson*, 202 F.3d 974, 978 (7th Cir. 2000); *United States v. Jackson*, 540 F.3d 578, 591 (7th Cir. 2008) ("A district judge has wide discretion to impose reasonable limits on cross-examination, and may do so based on concerns about . . . prejudice[.]").

Cruz claims that the intended cross-examination would have exposed Shannon's unreliable memory. According to Cruz, Shannon testified at a deposition that he had only been arrested twice: once for child molestation that resulted in his acquittal and another arrest that led to a battery conviction. Public records, however, revealed otherwise. Cruz suggests that had the court allowed Shannon to be subjected to cross-examination on the number of arrests, the jury might have concluded that Shannon could not accurately remember whether Cruz informed him that Safford attempted to attack, or indeed, attacked, Cruz. *See* Fed. R. Evid. 608 (allowing cross-examination into witness's past misconduct if probative on truthfulness).

We find no error on the limits placed on Shannon's cross-examination. As with all evidence, Rule 403 of the Federal Rules of Evidence grants the district court broad discretion to limit the scope of cross-examination when the evidence's probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The court noted that out of roughly eight arrests, only a battery arrest led to a conviction. The court found that although, generally, convictions of witnesses are admissible when they center on credibility, seven arrests and one battery conviction were not credibility matters, but highly prejudicial.

Further, the court expressly prohibited the inquiry into the child molestation arrest since he was acquitted. Limiting cross-examination into Shannon's arrest record was a permissible level of limitation that falls within

the ambit of the court's discretion. *See Williamson*, 202 F.3d at 978. We find no abuse of that discretion.

AFFIRMED.