**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2010[*]
Decided December 23, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2433

| | |
|---|---|
| ANDRZEJ S. LOBROW, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> VILLAGE OF PORT BARRINGTON, <br> ILLINOIS, <br>     *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 C 7110 <br><br> James F. Holderman, <br> *Chief Judge.* |

**O R D E R**

Andrzej Lobrow sued the Village of Port Barrington, Illinois, claiming that police officers harassed him by issuing baseless citations for purported ordinance violations. Lobrow had been ticketed for vehicle infractions and for making improvements to his home without a permit, and, in essence, he contends that his home is outside the Village limits and thus the officers lacked authority to issue the citations. The Village construed the pro se action to arise under 42 U.S.C. § 1983 and moved for summary judgment on the ground that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Lobrow had neither alleged nor produced evidence that the police officers' actions were motivated by a policy or custom of the Village. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Lobrow did not respond to the Village's motion, which the district court deemed to be unopposed and granted on August 10, 2009.

Lobrow did not appeal that decision. Instead, eight months later, in May 2010, he requested permission to file a tardy response to the Village's motion for summary judgment. Lobrow represented that a law firm he retained in July 2009 had never entered an appearance in the matter or responded to the Village's motion. As proof that counsel was to blame, Lobrow attached an e-mail exchange between himself and a Chicago lawyer on September 2 and 3, 2009: Lobrow asked the lawyer if a response to the Village's motion had been filed, and the lawyer replied that the motion already had been *granted.* The district court construed Lobrow's submission as a motion to vacate and denied it on the ground that the neglect of the matter was inexcusable. *See* FED. R. CIV. P. 60(b)(1), (b)(6). The court noted that the attached e-mails showed that Lobrow was aware of the need for prompt action yet waited eight months to pursue the issue. Lobrow sought reconsideration of this ruling, which the court denied.

Lobrow has appealed the denial of his motion to vacate and argues that he demonstrated excusable neglect because he was duped by the lawyers he allegedly retained, though he still doesn't attempt to explain his eight-month delay in bringing the issue to the district court's attention. Rule 60(b) is an extraordinary remedy, granted only in exceptional circumstances, and we review the denial of Rule 60(b) relief under a deferential abuse-of-discretion standard. *See, e.g., Eskridge v. Cook County*, 577 F.3d 806, 808-09 (7th Cir. 2009).

The district court was justified in relying on Lobrow's own inaction as a ground for refusing to vacate the August 2009 judgment, since motions under Rule 60(b) must be brought "within a reasonable time," and Lobrow's was not. *See* FED. R. CIV. P. 60(c)(1); *Berwick Grain Co. v. Ill. Dep't of Agric.*, 189 F.3d 556, 559-60 (7th Cir. 1999); *Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997); *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610-12 (7th Cir. 1986). Rule 60 does not provide a litigant license to sleep on his rights. *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1380 (2010). Moreover, the ground asserted by Lobrow for upsetting the district court's decision has no merit. Lobrow represented that counsel was retained for this litigation, though we cannot be certain from the lawyer's      e-mail whether the firm was hired for this case or one of the five other suits Lobrow and his wife ultimately filed in the district court. Yet even if we assume that retained counsel had dropped the ball, a lawyer's inattentiveness to litigation is generally not excusable—and thus not a basis for relief under Rule 60(b)—no matter the consequences to the litigant or the attorney's degree of culpability. That is true as to both Rule 60(b)(1), *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000);

*United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1084 (7th Cir. 1997), and Rule 60(b)(6), which is narrower in scope, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993); *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 846, 848-49 (7th Cir. 2009), *cert. denied,* 130 S. Ct. 1139 (2010); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006).

AFFIRMED.