**Eglenna CASSELL, Appellant,**

v.

**SHAWSVILLE FARM SUPPLY, INC., Appellee.**

**Civil Action No. 96–0002–R.**

United States District Court, W.D. Virginia, Roanoke Division.

May 16, 1996.

Gordon Hoffman Shapiro, Lutins & Shapiro, Roanoke, VA, for Appellant.

Jonna Midkiff McGraw, Carter, Brown & Osborne, P.C., Roanoke, VA, for Appellee.

Evelyn K. Krippendorf, Roanoke, VA, trustee pro se.

## MEMORANDUM OPINION

KISER, Chief Judge.

Cassell appeals from U.S. Bankruptcy Judge Ross W. Krumm's November 16, 1995 decision and order granting Shawsville's motion for reconsideration of a disallowed claim. The parties have fully briefed and argued the appeal, and it is ready for disposition.

### I. Facts

Cassell filed a Chapter 7 petition for bankruptcy on January 28, 1992. Shawsville filed a proof of claim with the Bankruptcy Court on May 19, 1992. On June 16, 1993 the U.S. Trustee objected to Shawsville's claim on the grounds of "insufficient documentation" and scheduled a hearing on the objection for July 14, 1993. Notice of the scheduled hearing was mailed to Shawsville. Shawsville did not file a responsive pleading to the trustee's objection and did not appear at the July 14, 1993 hearing to oppose the objection. As a result, the Bankruptcy Court disallowed Shawsville's claim in a July 14, 1993 order. The Bankruptcy Court clerk mailed a certified copy of the order disallowing Shawsville's claim to Shawsville and to Long, Long & Childress, which is a partnership consisting of shareholders and officers of Shawsville.

On February 14, 1995, Shawsville filed an unsecured claim in the amount of $73,963.50. Cassell objected to the newly-filed claim and noticed a hearing on that same objection for June 12, 1995. At the June 12 hearing, Shawsville filed a motion for reconsideration of the claim that had been denied twenty-three months earlier, and Cassell objected to Shawsville's claim on the ground that it was not timely filed. The Bankruptcy Court found that Shawsville did not provide evidence rebutting the presumption of notice created by the clerk's certificate of mailing of the order of disallowance. Therefore the court found that "there was a substantial period of time between the order disallowing the claim and the motion for reconsideration." Opinion at 9. I assume that the Bankruptcy Court accepted that Shawsville waited about twenty-three months.

Also at the June 12 hearing, the trustee reported that she had approximately $81,000 available to distribute to unsecured creditors who had claims totaling $49,990.98. The Bankruptcy Court's footnote to this finding of fact states:

> If Shawsville's claim is allowed in full, the total claims will be $123,954.48, and Shawsville's claim will represent 60% of all unsecured claims. Thus, allowance of Shawsville's claim will impact the dividend to all other unsecured creditors and eliminate any return to the debtor.

The parties stipulated that in addition to the $81,000 that the trustee had on hand for distribution to unsecured creditors, Cassell had received additional funds which were subject to turn over to the trustee Shawsville alleges that the turn over will result in all creditors being paid in full.

On November 16, 1995, Judge Krumm issued an order and memorandum allowing Shawsville's motion to reconsider and vacating the July 14, 1993 order disallowing the claim. This appeal from Judge Krumm's November 16 order followed.

## II. Standard

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness." Bankruptcy Rule 8013. The Bankruptcy Court's conclusions of law are subject to *de novo* review. *United States v. U.S. Gypsum*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

## III. Discussion

Bankruptcy Code § 502(j) states in part, "A claim that has been allowed or disallowed may be reconsidered for cause." The Advisory Committee Notes to Bankruptcy Rule 3008 state, "Reconsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court." Courts have discretion to deny reconsideration upon a showing of cause but cannot permit reconsideration absent a showing of cause. *See, e.g., In re Chattanooga Wholesale Antiques Inc.*, 930 F.2d 458, 463

(6th Cir.1991) (stating that "may" in 502(j) indicates a rule of discretion rather than a mandatory requirement).

Judge Krumm analyzed the case by a Fed.R.Civ.P. 60(b)(1) excusable neglect scheme of analysis. However, Judge Krumm based his decision on 60(b)(6). Fed.R.Civ.P. 60(b) states in part, "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud ..., misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment." At first glance, 60(b)(6) seems to be an easy standard to meet. Yet, 60(b)(6) is not an easy standard to meet, and Shawsville does not appear to satisfy this standard. "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, and n. 11, 108 S.Ct. 2194, 2204, and n. 11, 100 L.Ed.2d 855 (1988); *Ackermann v. United States*, 340 U.S. 193, 197–200, 71 S.Ct. 209, 211–13, 95 L.Ed. 207 (1950); *Klapprott v. United States*, 335 U.S. 601, 613–14, 69 S.Ct. 384, 389–90, 93 L.Ed. 1099 (1949)). By the record and Judge Krumm's findings of fact, it is far from clear that Shawsville was faultless in the delay. Judge Krumm's application of 60(b)(6) was an error of law; he based this application on a 60(b)(1) scheme of analysis, and the facts do not indicate that 60(b)(6) would permit reconsideration

Judge Krumm's analysis of Shawsville's acts as excusable neglect is questionable in light of a Fourth Circuit case decided after Judge Krumm's order. Judge Krumm focused on *In re Resources Reclamation Corp. of America*, 34 B.R. 771 (1983), a case involving the same situation as the case at hand. The Ninth Circuit bankruptcy appellate panel applied an excusable neglect analysis to determine whether to grant a motion

for reconsideration filed within the time limit. *Id.* Due to the similar facts between the case at hand and *Resources Reclamation,* it is understandable that Judge Krumm would borrow that case's scheme of analysis. However, subsequent to Judge Krumm's order, the Fourth Circuit has made clear that "excusable neglect" and "cause" are different concepts. *See Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530 (4th Cir.1996). The court found that the "good cause" standard applies to motions for an extension of time to file a notice of appeal which are filed within the time period for filing the notice and that motions to extend time for filing a notice of appeal filed after the time limit for filing the notice are considered under the more stringent "excusable neglect" standard. *Id.* The Supreme Court somewhat corroborated this notion, stating "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services,* 507 U.S. at 394, 113 S.Ct. at 1497. Shawsville's motion for reconsideration was not filed past a deadline, and the language of Bankruptcy Code § 502(j) indicates that a disallowed claim "may be reconsidered *for cause.*" (Emphasis added). Therefore, it appears that the motion for reconsideration should be considered under a "for cause" standard rather than under the more difficult "excusable neglect" standard.

Admittedly Bankruptcy Rule 9024 states:

Rule 60 F.R.Civ.P. applies in cases under the Code, except that ... a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without contest is not subject to the one year limitation prescribed in Rule 60(b).

The *Resources Reclamation* court interpreted this to equate "excusable neglect" with the cause requirement of 502(j). However, this interpretation is based on a tenuous inference. It is possible that parts of 60(b) other than the excusable neglect clause can be used to show cause for reconsideration but that the excusable neglect standard is not applicable to show cause. Also, the Rules do not consider the changing definition of "excusable neglect" compared to "cause."

■ Therefore, Judge Krumm may only permit reconsideration for cause. Arguably Judge Krumm's implicit finding of excusable neglect was harmless error, because, if excusable neglect exists, so does cause. However, any finding of excusable neglect must be inferred, as Judge Krumm based his decision on 60(b)(6), not 60(b)(1). Also, even if such an inference is reasonable, Judge Krumm's excusable neglect analysis was insufficient even to find cause. Undoubtedly many of the same factors that Judge Krumm considered important in his excusable neglect analysis are likely applicable to a cause analysis. He applied the factors related to the Ninth Circuit's "liberal rule of excusable neglect." *Resources Reclamation* at 773. However, he based his order allowing reconsideration mainly on the absence of prejudice to Cassell, Possible prejudice to Cassell is a relevant consideration, but it is not the only consideration. Another relevant factor may be any explanation by Shawsville for its failure to contest the objection to the claim in the first place. *See, e.g., In re Mathiason,* 16 F.3d 234, 239 (8th Cir.1994) (stating that cause for reconsideration does not exist where a party failed to raise issue at proper time because of failure to appreciate the procedural consequences of such failure). Possible prejudice to Shawsville absent reconsideration is also relevant. Judge Krumm found that the merits of Shawsville's claim were unknown but he also found that prejudice to Shawsville would result absent reconsideration. In determining possible prejudice to Shawsville, it would be reasonable for Judge Krumm to make at least a preliminary determination on the merits of Shawsville's claim. *See, e.g., id.* (considering important that if the bankruptcy court reconsidered its order pursuant to 502(j), the equities of the case likely would not have supported a reversal of the outcome). If Shawsville has no likelihood of success on the merits, then there is no likelihood of prejudice to Shawsville absent reconsideration.

### IV. Conclusion

For the reasons stated, Judge Krumm's November 16, 1995 decision and order is reversed and remanded to him for a determination of whether cause for reconsideration exists. An appropriate order shall be entered.