**In the Matter of Mark Richard
BRYANT, Debtor.**

No. 08–12585.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Oct. 29, 2008.

Grant F. Shipley, Laura M. Boyer, Shipley & Associates, Fort Wayne, IA, for debtor.

Brian D. Salwowski, Office of the Attorney General, Indianapolis, IN, for Indiana Dept. of Revenue.

### AMENDED ORDER

ROBERT E. GRANT, Bankruptcy Judge.

In this chapter 13 case, the court has scheduled a pre-trial conference for November 13, 2008, to consider the issues raised by debtor's objection to a proof of claim filed on behalf of the Indiana Department of Revenue. The debtor has recently filed a suggestion of mootness and requested cancellation of the pre-trial conference, based upon an amended claim the IDR has filed. The court does not believe that the IDR's amended claim moots the issues before the court or justifies cancel-

lation of the scheduled pre-trial. As a result, that pre-trial conference will remain on the court's calendar.

In the first place, there is a substantial question as to whether the IDR's attempt to amend its proof of claim has any significance. In traditional civil litigation, the plaintiff's right to amend its complaint, without the court's permission, ends when an answer is served. Fed.R.Civ.P. Rule 15(a). In bankruptcy proceedings, a proof of claim serves many of the same functions as a complaint—it asserts a right to payment from the estate—and a claim objection is the functional equivalent of an answer—it contests that assertion, either in whole or in part. If a plaintiff cannot amend its complaint as a matter of right after the defendant has answered, no obvious reason presents itself why a creditor should be allowed to amend its claim after it has drawn an objection. Furthermore, once objected to, a claim may not be withdrawn without an order from the court. *See,* Fed. R. Bankr.P. Rule 3006. If a creditor cannot completely withdraw its claim without seeking an order from the court, it would seem that it should not be able to partially do so through the simple expedient of filing an amended claim. What if the creditor amended its claim to zero? How would that be different from a complete withdrawal?

Amending a claim after it has been objected to would also seem to be unnecessary. If the creditor agrees that an objection is well-taken, it does not need to amend its claim to bring it into line with the objection. It can achieve the same result by doing nothing and simply let the objection be sustained. If the creditor believes the objection lacks merit, amending its claim will not eliminate the problem—the original objection would still remain and will still need to be addressed by the court. In either of these situations, attempting to amend the claim only confuses the issue, raising questions such as what happens next? Is the whole objection process supposed to start over from the beginning or should scheduled proceedings go forward as originally planned? The third possibility is that the creditor and the objector may have reached an understanding as to what the proper amount of the creditor's claim should be. If so, they can make an appropriate submission during the course of proceedings on the objection and an amended claim becomes unnecessary.[1] (As noted above, if they do not have such an agreement, formally amending the claim would not seem to accomplish a thing.) In this regard the court notes that the debtor has apparently filed an objection to the IDR's amended claim, *see,* Objection to Amended Claim No. 1, filed Oct. 15, 2008, so, notwithstanding the attempted amendment, there appears to be some issue dividing the debtor and the IDR, and therefore a need for the scheduled pre-trial.

The court also notes that, since the date of its original order, this case, which was pending under Chapter 13, has been voluntarily dismissed. Even that, however, does not moot any issues concerning the proper amount of the IDR's claim. The court previously confirmed the debtor's proposed plan. Because of confirmation, notwithstanding the dismissal, the trustee is required to distribute any payments received from the debtor "in accordance with the plan...." 11 U.S.C. § 1326(a)(2). Do-

---

1. The court's order scheduling the pre-trial conference requires counsel for the parties to confer with regard to the issues presented. Doing so would seem to present an excellent opportunity for the parties to determine whether or not there is an understanding with regard to the creditor's claim and, if so, prepare an appropriate stipulation, without leaving the court to guess whether and what effect an attempt at amending the claim may have.

ing so requires knowing how much is owed to whom and, therefore, may necessitate addressing any objections to claims.

In light of the foregoing, the pre-trial conference currently scheduled for November 13, 2008, regarding the debtor's objection to the claim filed on behalf of the IDR will remain on the court's calendar.

SO ORDERED.