In re William G WATSON, III and
Tania A. Watson, Debtors.

No. 06–62736 JPK.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

March 11, 2009.

Paula E. Neff, Esq., Merrillville, IN, for the creditor LaVonne Hill.

Stacia L. Yoon, Esq., Merrillville, IN, Chapter 7 Trustee.

## MEMORANDUM OF DECISION CONCERNING TRUSTEE'S OBJECTION TO CLAIM # 3–1

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

On March 12, 2007, LaVonne Hill, as the claimant, filed claim # 3–1, asserting a claim against the bankruptcy estate of William G. Watson, III and Tania A. Watson, debtors in the Chapter 7 case filed in the Northern District of Indiana, Hammond Division, as case number 06–62736. On May 9, 2008, the Chapter 7 Trustee, Stacia L. Yoon, filed an objection to the foregoing claim. A preliminary pre-trial conference was held with respect to the contested matter arising from the Trustee's objection to the claim on July 18, 2008. The Trustee appeared personally at that hearing; the claimant appeared by counsel Paula Neff. The court entered an order on July 18, 2008 as a result of that hearing, which provided that counsel for the claimant "shall file a legal memorandum, not exceeding 20 pages, with respect to the claimant's contention that the attorney's fees designated in Claim # 3 constitute a 'domestic support obligation' within the provisions of 11 U.S.C. § 101(14A) by 9/1/08. The Trustee may file a responsive memorandum by 10/1/08 but is not required to do so." The claimant has filed the suggested memorandum, the Trustee has apparently chosen to not file a responsive memorandum.

The Trustee's objection to claim # 3–1 is a contested matter, subject to the provisions of Fed.R.Bankr.P. 9014. The court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and (b), and N.D.Ind.L.R. 200.1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## I. RECORD BEFORE THE COURT

The record before the court in this contested matter is comprised of claim # 3–1 filed by the claimant LaVonne Hill, and the Trustee's objection to that claim filed on May 9, 2008.

Claim # 3–1 is comprised of a two-page primary document, the first page of which is a Form B10 Official Form Proof of Claim, and the second page of which is an itemization of the amounts asserted in the proof of claim. Section 1 of the claim states that the "Basis for Claim" is "other child support". Section 4 of the claim asserts that it is an Unsecured Priority Claim in the amount of $13,257.36, and that priority is asserted under "11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)". In part pertinent to this contested matter, the itemiza-

tion includes a designation of "Pre-petition Attorney Fees—Statutory Recovery on Enforcement of Custody Support Order" in the principal amount of $3,602.50, plus interest in the amount of $1,110.95, for a total amount under this itemized category of $4,713.45.[1]

Attached to the claim is a five-page exhibit. In the lower left-hand corner of the second page of this exhibit [apparently an order entered on September 19, 2006 by a judge in the Circuit Court of Lake County, Illinois] is the following statement: "(5) Leave is granted to Rappaport to file her petition for fees." Apart from this statement, there is nothing *in the claim* which establishes anything regarding the origin of the asserted debt for attorney's fees itemized on the second page of the claim form. While the exhibit does contain a two-page billing statement by which attorney's fees and expenses in the total amount of $3,602.50 were billed by the law firm of Burke, Costanza & Cuppy LLP to LaVonne Hill, this statement does nothing to establish that a debt for attorney's fees is owed by the debtor to anyone.

Attached to the memorandum filed on September 5, 2008 by the claimant's attorney [Hill's Response to Trustee's (sic) Objection to Hill's Claim No. 3] are an exhibit "A" and an exhibit "B". Exhibit "A" contains a recitation that the amount of $2412.00 is awarded to Bella Maria Rappaport pursuant to 750 ILCS 5/508(b)[2], and a recitation that $750.00 is awarded to Lavonne Hill pursuant to that provision of Illinois law. Exhibit "B" is a Petition For Attorney's Fees, filed in the state court proceeding, which requests a judgment of $2787.50 in favor of Bella Marie Rappaport, and a judgment of $750. in favor of Lavonne Hill, against William Watson for attorney fees. Because they weren't attached to the claim as filed on the claims register, neither of these documents constitutes a portion of the claim to which this contested matter relates in relation to the evidentiary effect of a proof of claim stated in Fed.R.Bankr.P. 3001(f). Moreover, neither of these documents is otherwise admissible into evidence under the provisions of the Federal Rules of Evidence. The exhibits constitute hearsay under the provisions of F.R.E. 801, and in order to fall within the exception provided by F.R.E. 803(8) for the admission into evidence of public records, those documents must have been authenticated pursuant to F.R.E. 901(a)/ 901(b)(7)/ 902(4), which has not been effected. The exhibits, totally inadmissible into evidence, are merely attached to a memorandum of law, and thus have no evidentiary effect in this contested matter.

## II.  *LEGAL ANALYSIS*

This contested matter is submitted to the court based upon the record as evidenced by claim # 3–1 on the court's claims register, and the Trustee's objection to that claim.

11  U.S.C. § 502(a) states:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

---

1.  The Trustee has objected to the foregoing itemization of "Pre-petition Attorney Fees", and proposes to allow this amount as a general unsecured claim. The Trustee has not objected to the balance of the claim, and thus $8,543.91 designated in the claim as a priority claim is allowed.

2.  750 ILCS 5/508(b) is an Illinois statute which provides for awards of attorney fees to parties in certain domestic matters.

The provisions of § 502(a) are supplemented by the provisions of Fed.R.Bankr.P. 3001(f), which states:

**(f)** Evidentiary effect

A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

The *prima facie* effect of the validity of a proof of claim under 11 U.S.C. § 502(a) and Fed.R.Bankr.P. 3001(f) lasts only as long as there is no objection to that claim. When an objection to the claim is filed, a different set of rules adheres. While the objecting party has the initial burden of production to submit material which rebuts the *prima facie* validity of the claim, when that burden has been met, the claimant has the ultimate burden of persuasion to establish that the claim is allowable; *See, In re Garvida,* 347 B.R. 697 (9th Cir. BAP 2006).

The Trustee has objected to that portion of claim # 3–1 which asserts that the debtor William Watson is indebted to the claimant LaVonne Hill in the amount of $4,713.45 for "Pre-petition Attorney Fees—Statutory Recovery of Enforcement of Custody Support Order" as a claim entitled to priority under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). There is nothing in the proof of claim itself which in any manner establishes an indebtedness of the debtor *to anyone* for the amount of the asserted claim for attorney's fees. There is no additional admissible evidence in the record which establishes Watson's indebtedness to either Hill or Rappaport. Exhibit "A" attached to the claimant's legal memorandum is not admissible into evidence and was never sought to be made a part of the evidentiary record before the

court for determination of this contested matter. Documents attached to legal briefs, or documents which are merely filed on the court's docket record, do not constitute evidence concerning a matter before the court unless those documents are specifically made a part of an evidentiary record applicable to a particular proceeding. This is true regardless of the independent admissibility of those documents as established by the submission by which those documents were sought to be placed before the court. Apart from failure to make a record by appropriate means, documents which lack a foundation for admissibility add nothing to the mix.

The Trustee's objection sufficiently calls into question the *prima facie* basis for allowance of the amount of $4,713.45 asserted by the claim as a claim entitled to priority under 11 U.S.C. § 507(a)(1)(A)/ 11 U.S.C. § 507(a)(1)(B). Because Lavonne Hill has failed to create an evidentiary record which sustains her burden of proof as to this portion of the claim, the Trustee's objection must be sustained.

Let's go further. Assume that Exhibit "A" attached to the claimant's legal memorandum is properly part of the evidentiary record before the court in this contested matter. Exhibit "A" appears to provide for a judgment in the amount of $2412.00 awarded to Bella Maria Rappaport pursuant to 750 ILCS 5/508(b), and a judgment of $750.00 awarded to Lavonne Hill pursuant to that provision of Illinois law. Without belaboring analysis of the $750.00 award to Lavonne Hill as allowable under 11 U.S.C. § 507(a)(1)(A) [3], if a proper record had been made, the court would have allowed the claim for $750.00 as a claim within the provisions of that statute; *See, In re Cornish,* 529 F.2d 1363 (7th Cir.1976)

---

**3.** 11 U.S.C. § 507(a)(1)(B) relates to claims assigned to governmental entities and thus has no relevance to this contested matter.

[to the extent of its holding that an award of attorney's fees to an eligible claimant in connection with a child support matter constitutes a support obligation]. Howeverer, the judgment to Bella Maria Rappaport stands on a different footing.

The claimant's legal memorandum is devoted nearly exclusively to contentions that the judgements represented by Exhibit "A" attached to the memorandum are in the nature of support. These contentions miss the principal issue, i.e., the class of persons within the parameters of § 507(a)(1)(A).

First, *In re Cornish, supra.*, has no precedential effect with respect to the statutes applicable to this matter. The statutory framework under which that case was decided was entirely different from that under present law; *See, In re Kline,* 174 B.R. 525 (W.D.Mo.1994). When *Cornish* was decided, the applicable bankruptcy statutes did not delineate the classes of "allowable" claimants now defined by 11 U.S.C. § 507(a)(1)(A).

The term "claim" is defined by 11 U.S.C. § 101(5) to mean a "right to payment . . .". As stated in 11 U.S.C. § 101(12), the term "debt" means "liability on a claim". The claimant with respect to claim # 3–1 is LaVonne Hill, and even were the court to consider Exhibit "A", the evidence then presented by the claimant would fail completely to establish that Watson has any debt *to LaVonne Hill* for the judgment of $2412.00 for attorney's fees awarded to Bella Maria Rappaport for representing her, and consequently fails to establish that LaVonne Hill has any "claim" against Watson for those fees. This is not the circumstance customarily encountered by the court in matters of this nature, in which *the attorney* who represented a nondebtor person in a matter arguably relating to a "domestic support obligation" as defined by 11 U.S.C. § 101(14A) files his or her own claim with respect to a debtor. The court has previously determined in several decisions that a claim of this nature does not constitute a "domestic support obligation" because it is not owed to or recoverable by the class of payees designated in 11 U.S.C. § 507(a)(1)(A), which class designation is essentially repeated in 11 U.S.C. § 101(14A)(A)(I). The $2412.00 judgment was awarded to Rappaport, not to Hill, and Rappaport is obviously not a "spouse, former spouse, or child of the debtor", or "such child's parent, legal guardian, or responsible relative". But Rappaport has not filed a claim, and this case has nothing whatever to do with the foregoing analysis. Here, the assertion is apparently made that an indebtedness for attorney's fees owed by a debtor to an attorney who represented a person within the class defined by § 101(14A)(A)(I)/ § 507(a)(1)(A) becomes somehow a claim of the person represented.

■ A predicate for a "domestic support obligation" is that the debt is "owed to or recoverable by [a person or entity described in 11 U.S.C. § 101(14A)(A)(I) ]." Exhibits "A" and "B" attached to the claimant's memorandum establish that the person/entity who sought, and was granted, the award of $2412.00 was Rappaport, a person not within the category of persons/entities described in 11 U.S.C. § 101(14A)(A)(I). The $2412.00 debt is thus "owed" to Rappaport, and is not within § 507(a)(1)(A) or § 101(14A)(A)(I) on the basis of to whom that debt is owed.

■ Apart from a debt of the nature of that described in 11 U.S.C. § 101(14A) [4] being *owed to* a person within the class defined by § 101(14A)(A)(I), it may be possible to sustain a priority claim if such a

---

**4.** If the debt for $2412.00 even fits within the parameters of that section otherwise.

debt is "recoverable by" a person within that class. In the court's view, a debt payable to a person other than a member of the class described by 11 U.S.C. § 101(14A)(A)(I) is *recoverable by* a person within that class if the right to payment of a person not within that class can be reduced to a monetary judgment or independently collected by a person within the class, for the benefit of the person within the class. This possible basis for establishing a priority domestic support obligation claim depends upon applicable state law, a matter which the claimant has not presented to the court. There is no support in either the evidentiary record or in any argument submitted by the claimant's counsel in opposition to the Trustee's objection, for any assertion that the debt owed by Watson to Rappaport is "recoverable by" Hill.

■ One final note. A portion of the asserted claim of $4713.45 is for accrued interest. The claimant has presented no authority which addresses this "add on" to the amount of the underlying awards. There is therefore no support in the record for any claim for accrued interest, and that portion of the claim is denied apart from the foregoing reasons for disallowance of the principal portions of the claim.

The bottom line is that the record before the court does not sustain the validity of the claim's assertion that the amount of $4,713.45 in relation to attorney's fees is a claim entitled to priority under 11 U.S.C. § 507(a)(1)(A). The Trustee's objection must therefore be sustained. The Trustee has elected to allow this portion of the claim as a general unsecured claim, and that election will stand.

IT IS ORDERED, ADJUDGED AND DECREED that the Trustee's objection to claim # 3–1 is sustained.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that claim # 3–1 is allowed as a priority claim pursuant to 11 U.S.C. § 507(a)(1)(A) in the amount of $8,543.91, and that claim # 3–1 is allowed as a general unsecured claim in the amount of $4,713.45.