In the Matter of Kevin Lynn MORN-INGSTAR, Susan Renee Morningstar, Debtors.

No. 08–13751.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 6, 2010.

Anne E. Simerman, Cathleen M. Shrader, Thomas P. Yoder, Barrett & McNagny, LLP, Fort Wayne, IN, for Trustee, Debra L. Miller.

James G. Lauck, Kroger, Gardis & Regas, LLP, Indianapolis, LLP, for Litton Loan Servicing.

### DECISION ON MOTION
### TO RECONSIDER

ROBERT E. GRANT, Chief Judge.

This case is pending under chapter 13 of the United States Bankruptcy Code. Litton Loan Servicing, as agent for The Bank of New York Mellon, filed a proof of claim, asserting a claim in the amount of $93,240.46 secured by a lien on real estate. Because she needed more information than the claim provided, the trustee sent Litton an inquiry requesting additional documentation. *See, In re Shank*, 315 B.R. 799, 815–16 (Bankr.N.D.Ga.2004) (trustee is entitled to seek documentation regarding a creditor's claim and the failure to provide it may result in denial of the claim). Receiving no response, she sent a second inquiry about a month later. Receiving no response to that second inquiry, the trustee telephoned and was told that her request would be forwarded to the appropriate individual for a response. When the promised response did not come, the trustee called again and left a voice mail message. Still receiving no response to any of her inquiries, the trustee sent an email. This e-mail seems to have prompted Litton to file an amended claim, but the amendment merely changed the amount of the claim and did not include any of the information the trustee had been requesting, and so the trustee renewed her request for information, but to no avail. After more than six months of patient inquiries without a response, the trustee filed an objection to Litton's claim. Perhaps perceiving that this, too, might be ignored, rather than following the usual notice and opportunity to object procedure established by the court's local rules, *see*, N.D. Ind. L.B.R. B–3007–1, she asked for a hearing on the objection. In the meantime, Litton filed a response to the objection and the court scheduled the matter for a hearing. By the time of the hearing, Litton still had not provided the trustee with the needed documentation and it could offer no explanation as to why. The best it could do was suggest that, if given more time, it should be able to do so. Given the amount of time that had passed—the trustee's requests for information began in January, her objection was filed in early August and it was now mid-September—the court sustained the objection and denied Litton's claim.

After Litton's claim was denied, the trustee brought an adversary proceeding to avoid the mortgage securing that claim.

*See*, 11 U.S.C. § 506(d) ("to the extent that a lien secures a claim against the debtor that is not an allowed claim, such lien is void"). Following a pretrial conference, the parties agreed to place that litigation on hold pending the filing and disposition of a motion to reconsider the disallowance of Litton's claim. *See*, 11 U.S.C. § 502(j). It is that motion which is presently before the court.

 Section 502(j) provides:

A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. 11 U.S.C. § 502(j).

Whether or not the court does so is a matter committed to its discretion. *In re Adkins*, 425 F.3d 296, 308 (6th Cir.2005); *In re Mathiason*, 16 F.3d 234, 239 (8th Cir.1994); *Matter of Colley*, 814 F.2d 1008, 1010 (5th Cir.1987); *In re Adams*, 275 B.R. 274, 280 (Bankr.N.D.Ill.2002). *See also*, Fed. R. Bankr.P. Rule 3008, Advisory Committee Note (1983) ("Reconsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court."). The movant has the burden of proving its entitlement to the relief sought, *see e.g.*, *In re A.H. Robins Co., Inc.*, 197 B.R. 597, 603 (E.D.Va.1994); *In re Rayborn*, 307 B.R. 710, 720 (Bankr. S.D.Ala.2002), and that begins with a demonstration of cause. Absent cause, a motion for reconsideration under § 502(j) should not be granted. *See*, *Colley v. West Texas Wholesale Supply*, 814 F.2d 1008, 1010–11 (5th Cir.1987); *Cassell v. Shawsville Farm Supply, Inc.*, 208 B.R. 380, 382 (W.D.Va.1996).

 Neither the Bankruptcy Code nor the rules of procedure define "cause" for the reconsideration of a claim. As a result somewhat different standards have arisen. The most commonly used standard, and the one adopted by the majority of courts, is that found in Rule 60(b) of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure. *See*, *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994); *In re Gluth Bros. Const., Inc.*, 426 B.R. 771 (Bankr.N.D.Ill.2010); In re *Airadigm Communications, Inc.*, 376 B.R. 903 (Bankr.W.D.Wis.2007); *In re Xpedior, Inc.*, 354 B.R. 210 (Bankr.N.D.Ill.2006); *In re Watkins*, 240 B.R. 735, 739 (Bankr. C.D.Ill.1999). A minority of courts use a four-factor analysis that considers the movant's good faith, the extent and the various consequences of the delay in seeking reconsideration. *See e.g.*, *In re Gomez*, 250 B.R. 397, 401 (Bankr.M.D.Fla.1999); *In re Van Dyke*, 286 B.R. 858, 860–61 (Bankr.C.D.Ill.2001). Finally, there is a third approach based upon the "totality of the circumstances," which considers "any relevant factor." *In re Willoughby*, 324 B.R. 66, 73–74 (Bankr.S.D.Ind.2005).

Although Litton acknowledges the Rule 60(b) approach, it encourages the court to apply the more relaxed and more flexible standards found in either *Gomez* or *Willoughby*. The court concludes, however, that the standards found in Rule 60(b) are more appropriate. To begin with, *Gomez* seems to be used when the claim was not previously objected to and there was no litigation concerning it. *Gomez*, 250 B.R. at 401. *See also*, *DaimlerChrysler Services North America, LLC v. Honeycutt*, 2005 WL 4889259 *5 (S.D.Ind.2005). That is not the case here, where the claim was the subject of a formal objection, a response, and was denied after a hearing. Particularly in these circumstances, where the claim has been the subject of litigation, Rule 60(b) is the preferred approach to reconsideration. *See e.g.*, *Colley*, 814 F.2d at 1010; *In re Cleanmaster Industries, Inc.*, 106 B.R. 628, 630 (9th Cir.BAP1989); *In re Excello Press, Inc.*, 83 B.R. 539, 541 (Bankr.N.D.Ill.1988). It is also the ap-

proach suggested by the bankruptcy rules, for unless Rule 60(b) otherwise applies to motions to reconsider claims there is no reason to exclude them from its one year time limitation. *See,* Fed. R. Bankr.P. Rule 9024(1). Finally, it is the approach endorsed by the Seventh Circuit. *See, Hawxhurst,* 40 F.3d at 179 ("Federal Rule of Civil Procedure 60 governs motions for reconsideration of an order disallowing a claim against the debtor's estate.").

▮ Rule 60(b) of the Federal Rules of Civil Procedure authorizes the court to relieve a party of a final order or judgment for any of six different reasons. *See,* Fed. R. Civ P. Rule 60(b)(1)-(6). Of these, the one that most closely corresponds to Litton's argument—the claim was denied for lack of documentation, that documentation is now available and has been submitted in connection with the present motion—is 60(b)(2): newly discovered evidence. To prevail under Rule 60(b)(2) one must demonstrate not just that new evidence has been discovered which might alter the result, but also that the new evidence could not "with reasonable diligence" have been discovered earlier. *Id. See also, Matter of Chicago, Milwaukee, St. Paul & Pacific. R. Co.,* 78 F.3d 285, 293–94 (7th Cir.1996). Without "due diligence on the part of the movant" the motion should be denied. *Chicago, Milwaukee, St. Paul & Pacific R. Co.,* 78 F.3d at 293–94.

Litton has failed to make a sufficient demonstration that it exercised any kind of diligence, let alone the due diligence required of it, to obtain the documentation sought by the trustee. Although the brief filed in support of the motion represents that the documents in question are several years old, were not in Litton's possession, and were not quickly obtainable, Brief in Support of Motion to Reconsider, filed April 16, 2010, pp. 5–6, those assertions are not found in the affidavit submitted in support of the motion. *See,* Affidavit in Support of Motion to Reconsider, filed April 16, 2010. To demonstrate diligence (due or otherwise) Litton had to provide the court with information concerning its efforts to obtain the documentation required: what was done, by whom, when and with what result. Instead, all it has done is argue that while things may not have been available before, they are available now. That is not enough.

▮ The other bases for relief under Rule 60(b) either are inapplicable or, without some sort of explanation for why Litton did not act sooner, have not been satisfied. As for 60(b)(1)—mistake, inadvertence, surprise or excusable neglect—like newly discovered evidence under 60(b)(2), this requires some kind of explanation for the failure to act in a timely fashion, an explanation that has not been given. *See, Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (discussing excusable neglect under Rule 9006(b)). There is no suggestion of any misrepresentation or other misconduct on the part of the trustee. To the contrary, she seems to have been quite persistent in her efforts to contact Litton and remarkably patient with its failure to even acknowledge her inquiries, much less respond to them. So 60(b)(3) does not apply. The court had jurisdiction over both the subject matter of the action and the parties, Litton had actual notice of the trustee's objection, responded to it and appeared at the hearing; so the court's order is not void, precluding relief under 60(b)(4). *See, United Student Aid Funds, Inc. v. Espinosa,* —— U.S. ——, 130 S.Ct. 1367, 1377–78, 176 L.Ed.2d 158 (2010). An order allowing or denying a claim "[does] not constitute a prospective order for the purposes of Rule 60(b)(5)." *Gluth Brothers,* 426 B.R. at 780. Finally, there is Rule 60(b)(6)—any other reason that justifies relief—but it is not available when another

part of the rule applies to the situation; even then, it requires a showing of "exceptional circumstances" of which neglect is not one. *Helm v. Resolution Trust Co.*, 84 F.3d 874, 878–79 (7th Cir.1996).

Throughout its brief, Litton argues that the equities of the case require the court to allow its claim. But, § 502(j) is a two-step process. *In re Jones*, 2000 WL 33673759 *2 (Bankr.M.D.N.C.2000). Before, the court evaluates whether "the equities of the case" warrant allowing or disallowing a claim (the second sentence of § 502(j)), it first must find that there is "cause" to reconsider the claim (the first sentence of § 502(j)). *Id.See also, Airadigm Communications*, 376 B.R. at 911. To focus solely on "the equities" ignores the first part of the rule, the requirement of cause. Absent cause, there is no basis for reconsidering anything. *Cassell v. Shawsville Farm Supply, Inc.*, 208 B.R. 380, 382 (W.D.Va.1996); *Jones*, 2000 WL 33673759 *2. *See also, Colley*, 814 F.2d at 1010–11 (without an assertion of "cause," movant "did not even get his foot in the door for purposes of reconsideration.").

Litton's motion to reconsider the denial of its claim should be DENIED and an order doing so will be entered.