**In the MATTER OF: Jan Lee MASTERSON, Debtor**

**CASE NO. 15-12503**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Filed August 4, 2016

Laura M. Boyer King, Grant F. Shipley, Shipley & Scott, Fort Wayne, IN, for Debtor.

## DECISION REGARDING OBJECTION TO CLAIM 3-2

Robert E. Grant, Chief Judge, United States Bankruptcy Court

In In re Bryant, this court held that filing an amended claim in response to an objection did not moot the objection; was an unnecessary, if not completely inappropriate, way to respond to the objection; and solved nothing. In re Bryant, 397 B.R. 903, 904 (Bankr.N.D.Ind.2008). The court explained:

> [A]ttempting to amend the claim only confuses the issue, raising questions such as what happens next? Is the whole objection process supposed to start over from the beginning or should scheduled proceedings go forward as originally planned? Id.

It elaborated further, in this case, noting the possibility of "a potentially endless circularity in which a each objection prompts an amended claim, that would require a new objection, prompting another amendment and so on, ad infinitum, with the result that the issue would never be determined." Decision and Order Denying Motions for Relief from Order, dated March 16, 2016.

Shammah Investments initially filed a claim in the sum of $8,621.31. The debtor's objection to that claim was sustained by the court's order of February 16, 2016, and the claim was allowed in a smaller amount, $2,992.59. While it never directly respond-

ed to the objection, it did file an amended claim, in yet a third amount ($4,532.28). Not surprisingly, the debtor thinks this amount is also wrong and has objected to the amended claim, arguing that the court should stand by the original order or allow the amended claim in a still smaller amount, $2,707.28. The matter has been submitted to the court on stipulations of fact and the briefs of counsel, following a pretrial conference.

■■■ The threshold question to be addressed is whether the court's prior order sustaining the debtor's original objection means anything. It does. It is a final order and res judicata as to all issues presented or that could have been presented by the claim. Siegel v. Fed. Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir.1998); In re Hann, 476 B.R. 344, 358 (1st Cir. BAP 2012). If that order should be changed for any reason, the way to do so is set out in § 502(j) and Bankruptcy Rule 3008. Through § 502(j) an order allowing or disallowing a claim may "be reconsidered for cause" and Rule 3008 says that this will be done by a motion. 11 U.S.C. § 502(j); Fed. R. Bankr. P. Rule 3008. What is not contemplated is an amended claim and a new round of objections. In addition to the possible endless circularity the court previously feared, allowing an amended claim to restart the process or reopen the objection changes the burdens placed upon the claimant and the objector. A properly filed claim is prima facie evidence of the validity and amount of the debt, Fed. R. Bankr. P. Rule 3001(f), and the objector bears the initial burden to rebut that, and demonstrate some basis for calling the claim into question, before the claimant has any responsibility for moving forward to prove the debt. See, In re Watson, 402 B.R. 294, 297 (Bankr.N.D.Ind.2009); In re O'Malley, 252 B.R. 451, 455–56 (Bankr.N.D.Ill.1999). Section 502(j), by contrast, places the bur-

den upon the movant of proving "cause" to reconsider a previous order allowing or disallowing a claim. That difference in the respective burdens means the court should be sensitive to the procedural differences and should not conflate the two different procedures under the mistaken assumption that they are the same thing and it does not matter. It can and it does.

At the pre-trial conference, the creditor orally requested that the original order concerning its claim be reconsidered and the parties have stipulated that, in the interest of expediency, the court may consider that request in connection with this proceeding. The court is willing to do so, but we should not let that stipulation lead to confusion as to the nature of the proceeding or the parties' respective burdens. Since there is already an order addressing Shammah's claim, this proceeding will determine whether there is cause to reconsider that order.

■■■ Despite the parties' stipulation to allow Shammah to argue that its claim should be reconsidered under § 502(j), nowhere in its brief has the creditor mentioned that section of the Bankruptcy Code, what it might require, or what a movant must prove in connection with such a request. It obviously thinks the court's order is wrong, but that is not enough to justify reconsideration. Cf., Cash v. Illinois Div. of Mental Health, 209 F.3d 695, 697–98 (7th Cir.2000) (Rule 60 is not an alternate route to correct legal errors); Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 762 (7th Cir.2001); Mirza v. Barnhart, 2003 WL 21058542 *4 (N.D.Ill.2003). Reconsideration under § 502(j) is a matter committed to the court's discretion and the movant bears the burden of proving its entitlement to the relief sought. The first step in that process is to prove there is "cause" to do so. Only after that has been done is there

any need to proceed further. Stated somewhat differently, absent a demonstration of cause there is no basis to reconsider anything. See, In re Morningstar, 433 B.R. 714, 717–19 (Bankr.N.D.Ind.2010). No such demonstration has been made here.

Not only has Shammah failed to prove cause to reconsider the court's prior order, it has also failed to satisfy the court that "the equities of the case" warrant changing that order. See, 11 U.S.C. § 502(j). This fight is all about how much the buyer at a tax sale can charge the redeeming owner under I.C. 6-1.1-25-2(e) for attorney fees and title costs. Indiana law allows the county auditor to petition the court "to establish a schedule of reasonable and customary fees and costs" and, when the court has done so, the auditor may not reimburse fees and costs in excess of that amount, unless the buyer successfully petitions the court to allow a higher amount. I.C. 6-1.1-25-2.5.

Shammah Investments is the buyer at a tax sale of debtor's property in Wells County Indiana. At the behest of the county auditor, the Wells Circuit Court established a schedule of fees pursuant to I.C. 6-1.1-25-2.5 authorizing a maximum attorney fee of $750 and maximum title costs of $500, when supported by appropriate documentation. Shammah has included those amounts in its claim, but the debtor contends they are unreasonable given what needed to be done or not done in this particular case. The creditor's response to the objection is succinct and straightforward: (1) the Circuit Court has established a schedule of fees and costs; (2) the fees and costs claimed are within the limits of that schedule; (3) so those fees and costs "are required" to be paid. QED: "Shammah's claim must be allowed." Brief in Support of Claim, filed July 12, 2016, p. 4 (emphasis original). It is also wrong. It is the very same argument Shammah Invest-

ments and its attorney pitched to the Indiana Court of Appeals in Law Offices of Wayne Greeson v. Steuben County Auditor, 936 N.E.2d 368 (Ind.Ct.App.2010), which rejected it. The court sees no reason the argument should fare any better here.

Shammah Investments' request, under § 502(j), to reconsider the prior order concerning its claim is denied and the debtor's objection to its amended claim is sustained. An order doing so will be entered.